**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **GLORIA TURNAGE, POLLY LARIMER, CARSHENA JACKSON, SAM FORBES, MICHELLE CAMPBELL, SHARON HOLMES, BECKY NICHOLDS, SUSAN FOLLEY, FELIX GILLISON, JR., LAWRENCE MWETHUKU, JAMES HAYES, JAZMINE HAYES, CHEOLIECES SHANNON, GLORIA CUNNINGHAM, HERBERT WHITE, on behalf of themselves and all others similarly situated,** ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) | **Case No.** 3:14-cv-760 |
| **v.** ) | |
| ) | |
| **CLARITY SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) ) ) | |

**DEFENDANT CLARITY SERVICES, INC.'S
ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Clarity Services, Inc. ("*Clarity*"), as and for its Answer to Plaintiffs' Class Action Complaint ("*Complaint*"), states as follows:

Clarity denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. In response to the numbered paragraphs in the Complaint, Clarity states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). Plaintiffs allege both individual and class claims.

**ANSWER:**     In response to Paragraph No. 1 of the Complaint, Clarity admits that Plaintiffs have brought both individual and class claims against Clarity under the Fair Credit Reporting Act ("*FCRA*"), 15 U.S.C. §1681, *et seq*.  Clarity denies that it violated any of the laws relied on by Plaintiffs, denies that this matter may be maintained as a class, and denies that Plaintiffs are entitled to any relief.

2.     Defendant Clarity Services, Inc. ("Clarity"), a consumer reporting agency and a user of consumer reports focused mostly on marketing to online and other payday lenders, engages in systematic and unlawful practices in violation of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* which restricts access and use of consumer reports.

**ANSWER:**     In response to Paragraph No. 2 of the Complaint, Clarity admits that it is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f) of the FCRA.  Clarity denies that it is a "user" of consumer reports under the FCRA.   Further answering, Clarity admits that the FCRA regulates the access and use of consumer reports.  Clarity also states that Paragraph No. 2 contains legal conclusions.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity denies each and every remaining factual allegation in Paragraph No. 2.

3.     To that end, Plaintiffs Turnage, Larimer, Carshena, Forbes, Campbell, Nicholds, Gillison, Mwethuku, James Hayes, and Honesty bring class claims against Clarity under §§ 1681b(a) and 1681e(a) because, as a matter of common practice, it furnishes consumer reports to other companies without a permissible FCRA purpose. Through its intended and/or reckless procedures, Clarity allows and facilitates the unlawful access of consumers' credit reports to certain lead generators and marketers of predatory financial service products. Further, amongst other things, consumer reporting agencies are required to make a reasonable effort to verify the identity of prospective users and to certify the uses by such prospective user prior to furnishing a user a consumer report. Clarity instead facilitates the efforts of known lead generators who merely seek Clarity's data to resell it to other entities unknown and never disclosed to Clarity. These ongoing intrusions were either intentional, or Clarity cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation.

**ANSWER:**     In response to Paragraph No. 3 of the Complaint, Clarity admits that Plaintiffs Turnage, Larimer, Carshena, Forbes, Campbell, Nicholds, Gillison, Mwethuku, James Hayes,

and Honesty have asserted class claims against Clarity under §§ 1681b(a) and 1681e(a).  Clarity

denies that it has violated these statutes but also states that Paragraph No. 3 contains legal

conclusions not subject to denial or admission, including conclusions regarding the requirements

of the FCRA.  Clarity also states that "lead generators" and "marketers of predatory financial

services products" are undefined terms and phrases that are vague and ambiguous in this context.

Clarity denies each and every remaining allegation in Paragraph No. 3.

4.     Plaintiffs Turnage, Larimer, Campbell, Nicholds, Mwethuku, Hayes, Cunningham, White, DeVries, and Honesty also allege class claims pursuant to § 168lb(f) because Clarity not only furnishes consumer reports to other companies without a permissible purpose in violation of § 1681b(a), but it also repeatedly *obtains* consumer reports from Experian Information Solutions, Inc., another consumer reporting agency, without a permissible purpose established by § 1681b(a), and often minutes after obtaining a previous report ion that same consumer.

**ANSWER:**     In response to Paragraph No. 4 of the Complaint, Clarity admits that Plaintiffs

Turnage, Larimer, Campbell, Nicholds, Mwethuku, Hayes, Cunningham, White, DeVries, and

Honesty also have alleged class claims against Clarity  pursuant to § 168lb(f).  Clarity admits

that it is a "reseller" of Experian Information Solutions, Inc.'s consumer information, as defined

by §1681 of the FCRA.  Clarity states that §§1681b(f) and 1681b(a) speak for themselves, and

Clarity denies each and every allegation inconsistent therewith.  Further answering, Clarity

denies that it has violated §1681b(f) or §1681b(a) but also states that Paragraph No. 4 contains

legal conclusions not subject to denial or admission.  Clarity denies each and every remaining

allegation in Paragraph No. 4.

5.     Similarly, Clarity — as a "reseller" fails to comply with § 1681e(e), which requires substantive disclosures by Clarity to Experian for each report obtained for resale identifying the actual "end-user" of the information and that specific end-user's permissible purpose for each specific report resold, and which requires Clarity to have in place reasonable procedures "designed to ensure that the report (or information) is resold by the person only for a purpose for which the report may be furnished under § 1681b.

**ANSWER:**   In response to Paragraph No. 5 of the Complaint, Clarity states that §1681e(e) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Further answering, Clarity denies that it has violated §1681e(e) but also states that Paragraph No. 5 contains legal conclusions not subject to denial or admission.  Clarity denies each and every remaining allegation in Paragraph No. 5.

6.     Moreover, Defendant violates § 1681 g(a) when it obtains consumer reports from Experian as it fails to identify Experian as a source of information in the consumer reports that it furnishes directly to consumers. Clarity not only failed to disclose the sources of information in violation of § 1681 g(a)(2), but it also failed to clearly and accurately disclose to certain Plaintiffs all of the information in the Plaintiffs' files at the time of their request for their file in violation of § 1681g(a)(1). Specifically, the consumer reports furnished by Clarity use codes to summarize the information in the consumer's file (such as payment history or delinquent status). These codes are unintelligible without documentation defining any of the codes to enable the consumer to understand the contents of the information in their reports. More often than not, Clarity failed to enclose it "Reference Table" with a consumer disclosure so that a consumer can clearly and accurately understand the information in their file. Accordingly, Plaintiffs Turnage, Jackson, Larimer, Campbell, Holmes, Nicholds, Mwethuku, James and Jazmine Hayes, Shannon, Cunningham, Folley, Forbes, White, DeVries, and Honesty allege, on an individual basis, that this conduct violates § 1681g(a).

**ANSWER:**   In response to Paragraph No. 6 of the Complaint, Clarity admits that Plaintiffs Turnage, Jackson, Larimer, Campbell, Holmes, Nicholds, Mwethuku, James and Jazmine Hayes, Shannon, Cunningham, Folley, Forbes, White, DeVries, and Honesty have asserted claims against Clarity under §1681g(a) of the FCRA.  Clarity states that §1681g(a) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Further answering, Clarity denies that it has violated §1681g(a) but also states that Paragraph No. 6 contains legal conclusions not subject to denial or admission.  Clarity denies each and every remaining allegation in Paragraph No. 6.

7.     Finally, Plaintiffs Turnage, Larimer, Jackson, and Hayes allege individual claims against Clarity under § 1681i based on its failure to conduct a reasonable investigation when these Plaintiffs disputed inaccurate information appearing in their credit reports and Clarity failed to conduct an investigation into their disputes.

**ANSWER:**    In response to Paragraph No. 7 of the Complaint, Clarity admits that Plaintiffs

Turnage, Larimer, Jackson, and Hayes have alleged individual claims against Clarity under §

1681i.  Clarity states that §1681i speaks for itself and Clarity denies each and every allegation

inconsistent therewith.  Clarity denies that it has violated §1681i but also states that Paragraph No.

7 contains legal conclusions not subject to denial or admission.  Clarity denies each and every

remaining allegation in Paragraph No. 7.

## JURISDICTION

8.    This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

**ANSWER:**    In response to Paragraph No. 8 of the Complaint, Clarity admits that Plaintiffs

have alleged jurisdiction pursuant to 15 U.S.C. § 1681(p).  Clarity states that these are legal

conclusions, which are not subject to denial or admission.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a majority
of the Plaintiffs reside in this District and Division and significant part of the Plaintiffs' claims
occurred in Virginia.

**ANSWER:**    In response to Paragraph No. 9 of the Complaint, Clarity admits that Plaintiffs

have alleged that venue is proper pursuant to 28 U.S.C. §1391(b).  Clarity states that these are

legal conclusions, which are not subject to denial or admission.

## PARTIES

10.    Plaintiff Gloria Turnage ("Ms. Turnage") is a natural person who resides in
Virginia and in this District and Division. Ms. Turnage is a consumer as defined by the FCRA at
§1681a(c).

**ANSWER:**    In response to Paragraph No. 10 of the Complaint, Clarity admits that upon

information and belief, Plaintiff Turnage is a natural person residing in the Eastern District of

Virginia, Richmond Division. Whether Plaintiff Turnage is a consumer as defined by the FCRA

is a legal conclusion, which is not subject to admission or denial.

49356747

11.     Plaintiff Polly Larimer ("Ms. Larimer") is a natural person who resides in Virginia and in this District and Division. Ms. Larimer is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 11 of the Complaint, Clarity admits that upon information and belief, Plaintiff Larimer is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

12.     Plaintiff Carshena Jackson ("Ms. Jackson") is a natural person who resides in Virginia and in this District and Division. Ms. Jackson is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 12 of the Complaint, Clarity admits that upon information and belief, Plaintiff Jackson is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

13.     Plaintiff Michelle Campbell ("Ms. Campbell") is a natural person who resides in Virginia and in this District and Division. Ms. Campbell is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 13 of the Complaint, Clarity admits that upon information and belief, Plaintiff Campbell is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

14.     Plaintiff Sharon Holmes ("Ms. Holmes") is a natural person who resides in Virginia and in this District and Division. Ms. Holmes is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 14 of the Complaint, Clarity admits that upon information and belief, Plaintiff Holmes is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

49356747

15.     Plaintiff Becky Nicholds ("Ms. Nicholds") is a natural person who resides in Virginia and in this District and Division. Ms. Nicholds is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 15 of the Complaint, Clarity admits that upon information and belief, Plaintiff Nicholds is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

16.     Plaintiff Susan Folley ("Ms. Folley") is a natural person who resides in Virginia and in this District and Division. Ms. Folley is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 16 of the Complaint, Clarity admits that upon information and belief, Plaintiff Folley is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

17.     Plaintiff Sam Forbes ("Mr. Forbes") is a natural person who resides in Virginia and in this District and Division. Mr. Forbes is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 17 of the Complaint, Clarity admits that upon information and belief, Plaintiff Forbes is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

18.     Plaintiff Felix Gillison, Jr. ("Mr. Gillison") is a natural person who resides in Virginia and in this District and Division. Mr. Gillison is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 18 of the Complaint, Clarity admits that upon information and belief, Plaintiff Gillison is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

49356747

19.     Plaintiff Lawrence Mwethuku ("Mr. Mwethuku") is a natural person who resides in Virginia and in this District. Mr. Mwethuku is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 19 of the Complaint, Clarity admits that upon information and belief, Plaintiff Mwethuku is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

20.     Plaintiff Jazmine Hayes ("Ms. Hayes") is a natural person who resides in Virginia and in this District and Division. Ms. Hayes is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 20 of the Complaint, Clarity admits that upon information and belief, Plaintiff Jazmine Hayes is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

21.     Plaintiff James Hayes ("Mr. Hayes") is a natural person who resides in Virginia and in this District and Division. Mr. Hayes is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 21 of the Complaint, Clarity admits that upon information and belief, Plaintiff James Hayes is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

22.     Plaintiff Cheolieces Shannon ("Mr. Shannon") is a natural person who resides in Virginia and in this District and Division. Mr. Shannon is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 22 of the Complaint, Clarity admits that upon information and belief, Plaintiff Shannon is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

23.     Plaintiff Gloria Cunningham ("Ms. Cunningham") is a natural person who resides in Virginia and in this District. Ms. Cunningham is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 23 of the Complaint, Clarity lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 23 and therefore denies same.

24.     Plaintiff Herbert White ("Mr. White") is a natural person who resides in Virginia and in this District. Mr. White is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 24 of the Complaint, Clarity admits that upon information and belief, Plaintiff White is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

25.     Plaintiff Cherile Devries ("Ms. Devries") is a natural person who resides in Virginia and in this District. Ms. Devries is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 25 of the Complaint, Clarity admits that upon information and belief, Plaintiff Devries is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

26.     Plaintiff Allen Honesty ("Mr. Honesty") is a natural person who resides in Virginia and in this District. Mr. Honesty is a consumer as defined by the FCRA at §1681a(c).

**ANSWER:**     In response to Paragraph No. 26 of the Complaint, Clarity admits that upon information and belief, Plaintiff Honesty is a natural person residing in the Eastern District of Virginia, Richmond Division.  Whether Plaintiff is a consumer as defined by the FCRA is a legal conclusion, which is not subject to admission or denial.

27.     Defendant Clarity Services, Inc. ("Clarity") is a foreign corporation doing business in Virginia. Upon information and belief, Clarity is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

**ANSWER:**   In response to Paragraph No. 27 of the Complaint, Clarity admits the allegations therein.

28.   Upon information and belief, Clarity is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties. Moreover, Clarity is a "user" of consumer reports as used in the FCRA.

**ANSWER:**   In response to Paragraph No. 28 of the Complaint, Clarity states that the allegations therein contain legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity admits that it is a consumer reporting agency and a reseller, as defined by the FCRA. Clarity denies that it is a "user" of consumer reports as used in the FCRA.  Further answering, Clarity states that §1681d does not contain the definition Plaintiffs allege in Paragraph No. 28.

## FACTUAL ALLEGATIONS

### *Overview of Lead Generation*

29.   Without a brick-and-mortar store, most online payday and other predatory lenders rely heavily on marketing and advertising to prey on consumers.[1]

**ANSWER:**   In response to Paragraph No. 29 of the Complaint, Clarity states that Paragraph No. 29 does not pertain to Clarity.  Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 29 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

---

[1] Most of the facts from this section are taken from the recent study published by the Pew Charitable Trust's report released in October 2014, entitled FRAUD AND ABUSE ONLINE HARMFUL PRACTICES IN INTERNET PAYDAY LENDING. (last visited November 3, 2014 at www.pewtrusts.org/~/media/Assets/2014/10/PaydayLendingReport/Fraud_and_Abuse_Online _Harmful_Practices_in_Internet_Payday_Lending.pdf)

49356747

30.    In order to find potential customers, Internet payday lenders pay companies known as "lead generators," which are businesses that collect information on potential borrowers searching for loans and then sell it to lenders.

**ANSWER:**    In response to Paragraph No. 30 of the Complaint, Clarity states that Paragraph No. 30 does not pertain to Clarity.   Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 30 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

31.    Lead generators pay high fees to several sources to acquire borrower information, including consumer reporting agencies. Often, lead generators use a non-Big 3[2] consumer reporting agency, such as Clarity, because of it does not impose the demanding verification and "permissible purpose" restrictions like the Big-3. rits lax policies and procedures which do not meaningfully attempt to limit the furnishing of consumer reports for the purposes listed in § 1681b.

**ANSWER:**    In response to Paragraph No. 31 of the Complaint, Clarity denies that it has violated §1681b but Clarity also states that Paragraph No. 31 contains legal conclusions not subject to denial or admission.   Further answering, Clarity states that certain allegations in Paragraph No. 31 do not pertain to Clarity.  Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations pertaining to "lead generators" contained in Paragraph No. 31 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.  Clarity denies each and every remaining allegation in Paragraph No. 31.

32.    Lead generators primarily obtain the consumer reports to review consumers' personal financial information in order to obtain details of the consumers' lifestyle, mode of

---

[2] The "Big-3" CRAs include Clarity, TransUnion and Experian.

11

living, whether the consumer has recently applied for other subprime credit and other evidence of a vulnerability to high cost credit.

**ANSWER:**     In response to Paragraph No. 32 of the Complaint, Clarity states that Paragraph No. 32 does not pertain to Clarity.  Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 32 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

33.     In turn, lead generators then auction the consumer information to lenders who make predatory loans or to intermediary data brokers, who then re-sell the leads to such lenders.

**ANSWER:**     In response to Paragraph No. 33 of the Complaint, Clarity states that Paragraph No. 33 does not pertain to Clarity.  Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 33 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

34.     Typically, lead generators resell the same applicant's information to other companies after an exclusivity period for the "first-look buyer," who pays a higher cost for a brief exclusivity period in order to be the first lender to contact the consumer.

**ANSWER:**     In response to Paragraph No. 34 of the Complaint, Clarity states that Paragraph No. 34 does not pertain to Clarity.  Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 34 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

49356747

35.     Often times, lists—such as a list of people who have applied for payday loans—are sold and then resold by brokers, especially if a company does not wish to make a loan.

**ANSWER:**     In response to Paragraph No. 35 of the Complaint, Clarity states that Paragraph No. 35 does not pertain to Clarity.   Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 35 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

36.     Ultimately, this practice leads to instantaneous harassment and solicitation by numerous online lenders and data brokers as soon as a consumer applies for a single online loan.

**ANSWER:**     In response to Paragraph No. 36 of the Complaint, Clarity states that Paragraph No. 36 does not pertain to Clarity.   Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 36 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

37.     As part of this process, online lenders, data brokers, and lead generators also unlawfully obtain consumers' credit reports for several purposes, including to determine whether a consumer is still actively looking for an internet loan, whether the consumer received an internet loan, or whether the consumer may qualify or be in need of an additional loan.

**ANSWER:**     In response to Paragraph No. 37 of the Complaint, Clarity states that Paragraph No. 37 does not pertain to Clarity.   Accordingly, Clarity lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies same.  To the extent any of the allegations contained in Paragraph No. 37 are deemed to be or may be interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such allegations.

49356747

38.     As reflected by the credit reports of the named Plaintiffs, this results in the improper access of a consumer's credit report by multiple entities for months, often years, after a consumer applies for a single internet loan by entities that a consumer never contacted, nor authorized to obtain their private financial details.

**ANSWER:**     In response to Paragraph No. 38 of the Complaint, Clarity states that Paragraph

No. 38 does not pertain to Clarity.   Accordingly, Clarity lacks knowledge or information

sufficient to form a belief as to the truth of those allegations and therefore denies same.   To the

extent any of the allegations contained in Paragraph No. 38 are deemed to be or may be

interpreted or construed as pertaining to or against Clarity, Clarity specifically denies such

allegations.

39.     As reflected by the credit reports of the named Plaintiffs and confirmed by other facts known to the Plaintiffs and their counsel, this same lead generator scheme as outlined in the above paragraphs was present and made available against each of the named Plaintiffs because of and by Clarity.

**ANSWER:**     In response to Paragraph No. 39 of the Complaint, Clarity denies the allegations

in Paragraph No. 39 that pertain to Clarity but also states that Paragraph No. 39 contains legal

conclusions not subject to admission or denial.   To the extent those allegations may be deemed to

contain factual averments requiring an answer from Clarity, Clarity denies such allegations.

Clarity denies each and every remaining factual allegation in Paragraph No. 39.

40.     Clarity knowingly participates in this scheme despite its knowledge of the requirements of §§ 1681b and 1681e(a). In sum, Clarity impermissibly accesses consumer reports (often on multiple occasions) from Experian without having a permissible purpose under the FCRA to collect information on consumers seeking Internet payday loans. Then, Clarity resells and provides access to this data to companies that it knew or should have known were lead generators or data brokers, often times at rapid speeds that would ordinarily serve as warnings signs of the misuse of consumer reports.

**ANSWER:**     In response to Paragraph No. 40 of the Complaint, Clarity admits that it subject to

the requirements of §§1681b and 1681e(a), and complies with these requirements.   Further

answering, Clarity states that the allegations in Paragraph No. 40 contain legal conclusions not

subject to admission or denial.   To the extent those allegations may be deemed to contain factual

averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity denies each and every remaining factual allegation in Paragraph No. 40.

### *Common Allegations as to Clarity*

41.    Clarity is not a consumer reporting agency in its traditional sense, but rather it focuses its reporting on consumers who may be vulnerable to subprime consumer loans, such as internet pay day loans.

**ANSWER:**    In response to Paragraph No. 41, Clarity denies the allegations therein.

42.    Clarity holds itself out as a credit reporting agency that "provides information that is not available from traditional reporting agencies, and assists lenders in gaining a competitive advantage by viewing subprime consumer data."[3]

**ANSWER:**    In response to Paragraph No. 42 of the Complaint, Clarity admits that it is a "credit reporting agency" (as that term is commonly known, but only to the extent that such term is synonymous  with the term "Consumer Reporting Agency" as defined by the FCRA).  Clarity states that the language on its website speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies each and every remaining allegation in Paragraph No. 42.

43.    As part of this process, Clarity permits access to its consumer database for impermissible purposes, primarily to allow its customers to identify potential payday lending opportunities and then sell the identities of those consumers as "leads".

**ANSWER:**    In response to Paragraph No. 43 of the Complaint, Clarity states that Paragraph No. 43 contains legal conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.

44.    Clarity either knew or should have known that entities specifically identified below were accessing its consumer reports to generate leads.

---

[3] https://www.claritysrvices.com/about.

**ANSWER:**      In response to Paragraph No. 44 of the Complaint, Clarity states that Paragraph

No. 44 contains legal conclusions not subject to denial or admission.   To the extent the

allegations therein may be deemed to contain factual averments requiring an answer from

Clarity, Clarity denies such allegations.

45.      By way of example, and without limitation, Clarity could have discovered with
minimal Internet research and/or an onsite visit that the following companies were lead
generators:  Clickspeed, Lead Express, 123 Cash Depot, Inc., and Sonic Cash.

**ANSWER:**      In response to Paragraph No. 45 of the Complaint, Clarity states that the

allegations in Paragraph No. 45 contain legal conclusions not subject to denial or admission.   To

the extent those allegations may be deemed to contain factual averments requiring an answer

from Clarity, Clarity states that the term "lead generators" is an undefined term, and vague and

ambiguous in this context.   Therefore, Clarity cannot properly admit or deny the allegations in

Paragraph No. 45 pertaining to the Named End-Users.   Further answering, Clarity also states that

based on Plaintiffs' description of "lead generators" in Paragraph Nos. 29-40 and 43, it denies

that the end-users named in the Complaint ("*Named End-Users*") were "lead generators" at the

time of the inquiries alleged in this lawsuit, and denies that it does business with "lead

generators" as described in the Complaint.   Clarity denies each and every remaining factual

allegation in Paragraph No. 45 that pertains to Clarity.

46.      Moreover, upon information and belief, "The Servicing Company" is also a lead
generator and/or a "ghost company". If a minimal investigation was conducted, Clarity would
have discovered that The Servicing Company was an impermissible user of consumer reports.

**ANSWER:**      In response to Paragraph No. 46 of the Complaint, Clarity states that Paragraph

No. 46 contains legal conclusions not subject to denial or admission.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity states that that based on Plaintiffs' description of "lead generators" in Paragraph Nos. 29-

40 and 43, it denies that the Named End-Users were "lead generators" at the time of the inquiries

16

alleged in this lawsuit, and denies that it does business with "lead generators" as described in the Complaint.  Clarity also states that the term "ghost company" is an undefined term and vague and ambiguous in this context, and therefore Clarity is unable to either admit or deny the allegations pertaining to The Servicing Company being a "ghost company." Clarity denies each and every remaining factual allegation in Paragraph No. 46 that pertains to Clarity.

47.     Hereafter, Clickspeed, Lead Express, 123 Cash Depot, Inc., Sonic Cash, and The Servicing Company are collectively referred to as the "Impermissible Users".

**ANSWER:**     In response to Paragraph No. 47 of the Complaint, Clarity states that allegations in Paragraph No. 47 do not pertain to Clarity.  Further answering, Clarity states that Paragraph No. 47 contains legal conclusions not subject to denial or admission, including what constitutes an "Impermissible User."

48.     As a consumer reporting agency focusing on subprime lending, Clarity understands the nature of lead generating and that such companies often impermissibly access consumer reports as a means of generating leads.

**ANSWER:**     In response to Paragraph No. 48 of the Complaint, Clarity admits that it is a consumer reporting agency.  Further answering, Clarity states that Paragraph No. 48 contains legal conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity denies each and every remaining factual allegation in Paragraph No. 48.

49.     Nevertheless, upon information and belief, Clarity did not make any attempt to investigate the Impermissible Users before allowing them to access Clarity's database. Moreover, upon information and belief, Clarity did not require the Impermissible Users to certify the uses of such users prior to furnishing consumer reports to these companies.

**ANSWER:**     In response to Paragraph No. 49 of the Complaint, Clarity denies the allegations therein.

50.     For example, upon information and belief, Clarity does not have any vetting process to verify the identity of new prospective users prior to allowing them to obtain consumer reports from its database. Instead, upon information and belief, Clarity will allow any or nearly

any company to access its consumer report so long as that company is willing to pay a fee for the consumer report.

**ANSWER:**   In response to Paragraph No. 50 of the Complaint, Clarity denies the allegations

therein.

51.     Upon information and belief, Clarity does not perform basic research on its users or make reasonable efforts to visit a prospective user's business location to ensure that the prospective company is a reliable and legitimate user of Clarity's database.

**ANSWER:**   In response to Paragraph No. 51 of the Complaint, Clarity denies the allegations

therein.

52.     Upon information and belief, no investigation is performed by Clarity to determine a company's legitimacy or reliability even though Clarity knows that lead generation and mass marketing companies with no legitimate reason to obtain consumer reports frequently use Clarity's consumer reports as a means of obtaining private, financial information on consumers.

**ANSWER:**   In response to Paragraph No. 52 of the Complaint, Clarity denies the allegations

therein.

53.     In addition, Clarity regularly permits illegitimate companies to access the consumer reports of consumers dozens of times within a single hour.  Where such repeated uses would ordinarily serve as warning signs of misuse of consumer reports, Clarity continued to allow unfettered access to its database without consideration of these unusual use patterns.

**ANSWER:**   In response to Paragraph No. 53 of the Complaint, Clarity denies the allegations

therein.  Further answering, Clarity states that Paragraph No. 53 contains legal conclusions not

subject to admission or denial.  To the extent those allegations may be deemed to contain factual

averments requiring an answer by Clarity, Clarity denies such allegations.

54.     For example, Ms. Turnage's consumer report from Clarity reflects that Clarity provided a lead generation company, Clickspeed Marking, Inc., Ms. Turnage's consumer report forty-three times, on multiple occasions within a single hour, including three times within a nine minute span on July 20, 2012, two times within a one minute span on August 7, 2012, and even two times within seconds on August 11, 2012.

**ANSWER:**   In response to Paragraph No. 54 of the Complaint, Clarity denies that Plaintiff

requested a copy of her consumer report, which is furnished to third-parties, but Clarity admits

that Plaintiff requested a copy of her consumer disclosure, which it provides to consumers.[4] Plaintiff Turnage's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

55.     Moreover, each time Clickspeed accessed Ms. Turnage's consumer report—which occurred at least 19 times in less than a month—Clickspeed entered the same "permissible" purpose code, which signified that Clickspeed's purpose for obtaining Ms. Turnage's consumer report was a "pre-check."

**ANSWER:**     In response to Paragraph No. 55 of the Complaint, Clarity states that Plaintiff Turnage's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

56.     Clarity defines this purpose as "a request to find a creditor, through a lead generator that was initiated by you."

**ANSWER:**     In response to Paragraph No. 56 of the Complaint, Clarity states that Plaintiff Turnage's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

57.     This is not one of the permissible purposes established in § 1681 b(a). Moreover, given the frequent use of Clarity's database by Clickspeed and other similar entities, Clarity knew or should have known that its consumer reports were not being obtained for a permissible purpose because such conduct and the stated purposes were entirely inconsistent with the permissible purposes established in § 1681b(a).

**ANSWER:**     In response to Paragraph No. 57 of the Complaint, Clarity states that Paragraph No. 57 contains legal conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Specifically, Clarity denies that it has violated §1681b(a) of the FCRA.

---

[4] Rather than repeat this clarification throughout the remainder of its Answer, Clarity states that any reference to a consumer requesting or receiving his or her "consumer report" is inaccurate.  In each of those instances, such consumer requests and subsequently receives his or her "consumer disclosure."  Clarity hereby incorporates this clarification into each of its answers to allegations using the term "consumer report" where "consumer disclosure" is applicable.

58.     Upon information and belief, even after the frequent use of Clarity's database, it still does not investigate any of its users, nor has it ever prohibited any user from accessing its database.

**ANSWER:**     In response to Paragraph No. 58 of the Complaint, Clarity denies the allegations

therein.

59.     Moreover, given the frequent use of Clarity's database by Clickspeed and other similar entities, Clarity should have identified the repeated use of its database as a "red flag" and prohibited such companies from accessing its database. This is especially true given the known business purpose of Clickspeed and the other Impermissible Users as lead generation companies and not actual lenders engaging in credit transactions with the named Plaintiffs.

**ANSWER:**     In response to Paragraph No. 59 of the Complaint, Clarity states that allegations

in Paragraph No. 59 contain legal conclusions not subject to denial or admission.  To the extent

those allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity states that based on Plaintiffs' description of "lead generators" in Paragraph Nos. 29-40

and 43, it denies that the Named End-Users were "lead generators" at the time of the inquiries

alleged in this lawsuit, and denies that it does business with "lead generators" as described in the

Complaint.  Clarity denies each and every remaining factual allegation in Paragraph No. 59 that

pertains to Clarity.

60.     Clarity acted with systematic disregard of these excessive use patterns, as reflected by the consumer reports of named Plaintiffs.

**ANSWER:**     In response to Paragraph No. 60 of the Complaint, Clarity states that allegations

in Paragraph No. 60 contain legal conclusions not subject to denial or admission. To the extent

those allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.   Further answering, Clarity states that Plaintiffs' consumer

disclosures speak for themselves, and Clarity denies each and every allegation inconsistent

therewith.  Clarity denies each and every remaining factual allegation that pertains to Clarity.

49356747

61.     In doing so, Clarity also further violated of 1681b(a), as well as § 1681e(a), which prohibits a consumer reporting agency from furnishing a consumer report if it has "reasonable grounds for believing that the consumer report will not be used for a purpose" listed in § 1681b.

**ANSWER:**     In response to Paragraph No. 61 of the Complaint, Clarity states that Paragraph

No. 61 contains legal conclusions not subject to denial or admission.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.  Specifically, Clarity denies that it has violated §§1681b(a) or

1681e(a) of the FCRA.

62.     Moreover, in order to be more valuable to such companies, Clarity repeatedly obtains consumer reports from Experian Information Solutions, Inc. ("Experian") so that it can incorporate Experian's databases into its own records.

**ANSWER:**     In response to Paragraph No. 62 of the Complaint, Clarity admits that it is a

reseller of Experian's consumer information, as permitted by the FCRA.  Clarity denies each and

every remaining factual allegation in Paragraph No. 62.

63.     Clarity did not have a lawful purpose to obtain and use the Plaintiffs' credit reports and the Plaintiffs never authorized Clarity to receive their credit reports.

**ANSWER:**     In response to Paragraph No. 63 of the Complaint, Clarity states that Paragraph

No. 63 contains legal conclusions not subject to denial or admission.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.  Clarity denies each and every remaining factual allegation in

Paragraph No. 63.

64.     Clarity's disclosed purposes for the sale of its consumer reports - "PC" for Pre-Check and "AR" for new credit were uniformly false. Neither signified an actual existing credit "account review", new credit application specifically initiated by the consumer or a pre-approved firm offer of credit governed by the FCRA.

**ANSWER:**     In response to Paragraph No. 64 of the Complaint, Clarity states that Plaintiff's

consumer disclosure speaks for itself, ad Clarity denies each and every allegation inconsistent

therewith.  Further answering, Clarity states that allegations in Paragraph No. 64 contain legal

conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Clarity denies each and every remaining factual allegation in Paragraph No. 64.

65.    Further, upon information and belief, because Clarity does not even know the identity of the "end-user" for which the Experian information could be used — the Internet payday lender that will ultimately purchase the data from the Impermissible User or lead generator — it did not and could possibly have made the disclosures required by § 1681e(e) when it obtained for resale information from Experian.

**ANSWER:**    In response to Paragraph No. 65 of the Complaint, Clarity states that Paragraph No. 65 contains legal conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity denies each and every remaining factual allegation in Paragraph No. 65.

66.    Each of the Impermissible Users, the lead generators, were themselves "reseller" consumer reporting agencies governed by the FCRA. In each instance, none of these entitles disclosed to Clarity the identity of the "end-user" to whom the Clarity data was to be resold.

**ANSWER:**    In response to Paragraph No. 66 of the Complaint, Clarity states that Paragraph No. 66 contains legal conclusions not subject to denial or admission.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity states that based on Plaintiffs' description of "lead generators" in Paragraph Nos. 29-40 and 43, it denies that the Named End-Users were "lead generators" at the time of the inquiries alleged in this lawsuit, and denies that it does business with "lead generators" as described in the Complaint.  Clarity denies each and every remaining factual allegation in Paragraph No. 66 that pertains to Clarity.

### *Facts as to Gloria Turnage*

67.    In April 2013, Ms. Turnage sent correspondence to Clarity requesting a copy of her consumer disclosure.

**ANSWER:**     In response to Paragraph No. 67 of the Complaint, Clarity admits the allegations

therein.

68.     On or about April 29, 2013, Clarity forwarded Ms. Turnage a copy of her consumer report.

**ANSWER:**     In response to Paragraph No. 68 of the Complaint, Clarity admits that on or about

April 29, 2013, it forwarded Plaintiff Turnage a copy of her consumer disclosure.

69.     Ms. Turnage's Clarity consumer report contained forty-three inquiries from Clickspeed that were coded "PC" for Pre-Check. Some of these Clickspeed inquiries were within seconds of one another. There were also four inquires for The Servicing Company that were coded "AR" for new credit. There was one inquiry each for Lead Express and 123 Cash Depot, Inc., that were coded as "AR" for new credit even though neither of these companies are lenders. All of these inquiries were coded as "C1" or "C3" identifying an Internet payday loan and Internet unsecured loan respectively.

**ANSWER:**     In response to Paragraph No. 69 of the Complaint, Clarity states that Plaintiff

Turnage's consumer disclosure speaks for itself and Clarity denies each and every allegation

inconsistent therewith.

70.     Upon review of her report, Ms. Turnage identified inaccurate tradeline information in her Clarity consumer report.

**ANSWER:**     In response to Paragraph No. 70 of the Complaint, Clarity states that it lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph No. 70 and therefore denies same.

71.     On or about October 9, 2013, Ms. Turnage sent correspondence to Clarity requesting that they remove the inaccurate information in her Clarity consumer report.

**ANSWER:**     In response to Paragraph No. 71 of the Complaint, Clarity admits that on or about

October 9, 2013, it received a letter purportedly from Plaintiff in which she admitted the

accuracy of a loan tradeline therein, but collaterally attacked the loan tradeline by disputing the

enforceability of the underlying loan agreement. Further answering, Clarity states that the

49356747

October 9, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent therewith.

72.    In correspondence dated October 29, 2013, Clarity responded that it would not investigate her dispute and informed Ms. Turnage that it "determined your dispute is frivolous."

**ANSWER:**    In response to Paragraph No. 72 of the Complaint, Clarity denies that it sent correspondence to Plaintiff Turnage dated October 29, 2013.  Clarity admits that it sent a letter dated October 25, 2013 to Plaintiff Turnage.  Further answering, Clarity states that the October 25, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies each and every remaining allegation in Paragraph No. 72.

73.    In subsequent correspondence dated November 15, 2013, Clarity removed the inaccurate tradeline information in Ms. Turnage's Clarity consumer report.

**ANSWER:**    In response to Paragraph No. 73 of the Complaint, Clarity admits that it reinvestigated Plaintiff Turnage's dispute and ultimately removed the disputed tradeline from her consumer file.  Further answering, Clarity states that the November 15, 2013 correspondence speaks for itself and denies each and every allegation inconsistent therewith.  Clarity denies each and every remaining allegation in Paragraph No. 73.

74.    On or about February 21, 2013, Ms. Turnage obtained a copy of her Experian consumer disclosure which identified seven impermissible pulls by Clarity.

**ANSWER:**    In response to Paragraph No. 74 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 74 and therefore denies same.  Further answering, Clarity states that Paragraph No. 74 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that Plaintiff's February 21, 2013 consumer

disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith. Clarity denies each and every remaining allegation in Paragraph No. 74.

75.     At no time did Ms. Turnage receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

**ANSWER:**     In response to Paragraph No. 75 of the Complaint, Clarity states that Paragraph No. 75 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit nor enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 75.

### *Facts as to Felix Gillison, Jr.*

76.     On or about May 9, 2014, Mr. Gillison sent correspondence to Clarity requesting a copy of his consumer report.

**ANSWER:**     In response to Paragraph No. 76 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Gillison, dated May 8, 2014, requesting a copy of Plaintiff Gillison's consumer disclosure.   Further answering, Clarity states that the May 8, 2014 letter speaks for itself and denies each and every allegation inconsistent therewith.

77.     On or about May 19, 2014, Clarity forwarded Mr. Gillison a copy of his consumer report.

**ANSWER:**     In response to Paragraph No. 77 of the Complaint, Clarity admits the allegations therein.

78.     Mr. Gillison's Clarity consumer report contained eleven inquiries including four inquiries from Clickspeed that were coded "PC" for Pre-Check. These four Clickspeed inquiries all occurred on September 6, 2013 within seconds of one another.

49356747

**ANSWER:**    In response to Paragraph No. 78 of the Complaint, Clarity states that Plaintiff Gillison's consumer disclosure speaks for itself and denies each and every allegation inconsistent therewith.

79.    There was also one inquiry each for Lead Express that was coded as "AR" for new credit. All of these inquiries were coded as "Cl" or "C3" identifying an internet payday loan and internet unsecured loan respectively.

**ANSWER:**    In response to Paragraph No. 79 of the Complaint, Clarity states that Plaintiff Gillison's consumer disclosure speaks for itself and denies each and every allegation inconsistent therewith.

### Facts as to Polly Larimer

80.    On or about September 27, 2014, Ms. Larimer sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**    In response to Paragraph No. 80 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Larimer, dated September 27, 2013, not 2014, requesting a copy of Plaintiff Larimer's consumer disclosure.  Further answering, Clarity states that the September 27, 2013 letter speaks for itself and denies each and every allegation inconsistent therewith.

81.    On or about October 4, 2013, Clarity forwarded Ms. Larimer a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:**    In response to Paragraph No. 81 of the Complaint, Clarity admits that on or about October 4, 2013, it sent Plaintiff Larimer a copy of her consumer disclosure.  Further answering, Clarity states that Plaintiff Larimer's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

82.    Ms. Larimer's Clarity consumer report contained a Clickspeed inquiry that was coded "PC" for Pre-Check.

**ANSWER:**     In response to Paragraph No. 82 of the Complaint, Clarity states that Plaintiff Larimer's consumer disclosure speaks for itself and denies each and every allegation inconsistent therewith.

83.     Upon review of her report, Ms. Larimer identified inaccurate tradeline information in her Clarity consumer report.

**ANSWER:**     In response to Paragraph No. 83 of the Complaint, Clarity states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 83 and therefore denies same.

84.     On or about December 5, 2013 Ms. Larimer sent correspondence to Clarity requesting that they remove the inaccurate information in her Clarity consumer report.

**ANSWER:**     In response to Paragraph No. 84 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Larimer dated December 5, 2013, in which she admitted the accuracy of a loan tradeline therein, but collaterally attacked the loan tradeline by disputing the enforceability of the underlying loan agreement.   Further answering, Clarity states that the December 5, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent therewith.

85.     Clarity did not respond to Ms. Larimer's correspondence.

**ANSWER:**     In response to Paragraph No. 85 of the Complaint, Clarity denies the allegations in Paragraph No. 85.

86.     On or about September 27, 2013, Ms. Larimer obtained a copy of her Experian consumer disclosure which identified eleven impermissible pulls by Clarity.

**ANSWER:**     In response to Paragraph No. 86 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 86 and therefore denies same.   Further answering, Clarity states that Paragraph No. 86 contains legal conclusions not subject to admission or denial.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Clarity also states that Plaintiff's September 27, 2013 consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith. Clarity denies each and every remaining allegation in Paragraph No. 86.

87.    At no time did Ms. Larimer receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

**ANSWER:**    In response to Paragraph No. 87 of the Complaint, Clarity states that Paragraph No. 87 contains legal conclusions not subject to admission or denial. To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers. Clarity denies each and every remaining allegation in Paragraph No. 87.

### *Facts as to Carshena Jackson*

88.    On or about October 10, 2013, Ms. Jackson sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**    In response to Paragraph No. 88 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Jackson, dated October 10, 2013, requesting a copy of her consumer disclosure. Further answering, Clarity states that the October 10, 2013 letter speaks for itself and denies each and every allegation inconsistent therewith.

89.    On or about October 21, 2013, Clarity forwarded Ms. Jackson a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:**    In response to Paragraph No. 89 of the Complaint, Clarity admits that on or about October 21, 2013, it sent Plaintiff Jackson a copy of her consumer disclosure. Further answering, Clarity states that Plaintiff Jackson's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

49356747

90.    Ms. Jackson's Clarity consumer report contained one inquiry from Clickspeed that was coded "PC" for Pre-Check.

**ANSWER:**    In response to Paragraph No. 90 of the Complaint, Clarity states that Plaintiff Jackson's consumer disclosure speaks for itself and denies each and every allegation inconsistent therewith.

91.    Upon review of her report, Ms. Jackson identified inaccurate tradeline information in her Clarity consumer report.

**ANSWER:**    In response to Paragraph No. 91 of the Complaint, Clarity states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 91 and therefore denies same.

92.    On or about November 4, 2013 Ms. Jackson sent correspondence to Clarity requesting that they remove the inaccurate information in her Clarity consumer report.

**ANSWER:**    In response to Paragraph No. 92 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Jackson that was dated November 4, 2013, in which she admitted the accuracy of a loan tradeline therein, but collaterally attacked the loan tradeline by disputing the enforceability of the loan agreement.   Further answering, Clarity states that the November 4, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent therewith.

93.    Clarity did not respond to Ms. Jackson's correspondence.

**ANSWER:**    In response to Paragraph No. 93 of the Complaint, Clarity denies the allegations in Paragraph No. 93.

### *Facts as to Michelle Campbell*

94.    On or about November 22, 2013, Ms. Campbell sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**    In response to Paragraph No. 94 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Campbell, dated November 21, 2013, requesting a copy of her

29

consumer disclosure.  Further answering, Clarity states that the November 21, 2013 letter speaks

for itself and Clarity denies each and every allegation inconsistent therewith.

95.     On or about December 4, 2013, Clarity forwarded Ms. Campbell a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER**:     In response to Paragraph No. 95 of the Complaint, Clarity admits that on or about

December 4, 2013, it sent Plaintiff Campbell a copy of her consumer disclosure.     Further

answering, Clarity states that Plaintiff Campbell's consumer disclosure speaks for itself and

Clarity denies each and every allegation inconsistent therewith.

96.     Ms. Campbell's Clarity consumer report contained thirteen inquiries from Clickspeed that were coded "PC" for Pre-Check. Some of these Clickspeed inquiries were within seconds of one another. There was also one inquiry from The Servicing Company.

**ANSWER**:     In response to Paragraph No. 96 of the Complaint, Clarity states that Plaintiff

Campbell's consumer disclosure speaks for itself and Clarity denies each and every allegation

inconsistent therewith.

97.     On or about January 11, 2014, Ms. Campbell obtained a copy of her Experian consumer disclosure which identified twelve impermissible pulls by Clarity.

**ANSWER**:     In response to Paragraph No. 97 of the Complaint, Clarity states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph No. 97 and therefore denies same.  Further answering, Clarity states that Paragraph

No. 97 contains legal conclusions not subject to admission or denial.  To the extent Clarity also

states that Plaintiff's consumer disclosure speaks for itself and Clarity denies each and every

allegation inconsistent therewith.   Clarity denies each and every remaining allegation in

Paragraph No. 97.

98.     At no time did Ms. Campbell receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

49356747

**ANSWER:** In response to Paragraph No. 98 of the Complaint, Clarity states that Paragraph No. 98 contains legal conclusions not subject to admission or denial. To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers. Clarity denies each and every remaining allegation in Paragraph No. 98.

### Facts as to Sharon Holmes

99. On or about December 22, 2013, Ms. Holmes sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:** In response to Paragraph No. 99 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Holmes, dated December 22, 2013, requesting a copy of her consumer disclosure. Further answering, Clarity states that the December 22, 2013 letter speaks for itself and denies each and every allegation inconsistent therewith.

100. On or about December 30, 2013, Clarity forwarded Ms. Holmes a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:** In response to Paragraph No. 100 of the Complaint, Clarity admits that on or about December 30, 2013, it sent Plaintiff Holmes a copy of her consumer disclosure. Further answering, Clarity states that Plaintiff Holmes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

### Facts as to Becky Nicholds

101. On or about August 9, 2013, Ms. Nicholds sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:** In response to Paragraph No. 101 of the Complaint, Clarity admits that it received a fax, purportedly from Plaintiff Nicholds, on August 9, 2013, requesting a copy of her free

annual file disclosure.   Further answering, Clarity states that the August 9, 2013 fax speaks for itself and denies each and every allegation inconsistent therewith.

102.    On or about August 13, 2013, Clarity forwarded Ms. Nicholds a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER**:    In response to Paragraph No. 102 of the Complaint, Clarity admits that on or about August 13, 2013, it sent Plaintiff Nicholds a copy of her consumer disclosure.   Further answering, Clarity states that Plaintiff Nicholds' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

103.    Ms. Nicholds' Clarity consumer report contained inquiries from Lead Express, Sonic Cash and The Servicing Company. The Impermissible Users listed its purpose as "AR" for new credit.

**ANSWER**:    In response to Paragraph No. 103 of the Complaint, Clarity states that Plaintiff Nicholds' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

104.    On or about July 13, 2013, Ms. Nicholds obtained a copy of her Experian consumer disclosure which identified nine impermissible pulls by Clarity.

**ANSWER**:    In response to Paragraph No. 104 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 104 and therefore denies same.   Further answering, Clarity states that Paragraph No. 104 contains legal conclusions not subject to admission or denial.   To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.   Clarity also states that Plaintiff's July 13, 2013 consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith. Clarity denies each and every remaining allegation in Paragraph No. 104.

105.    At no time did Ms. Nicholds receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

49356747

**ANSWER:**      In response to Paragraph No. 105 of the Complaint, Clarity states that Paragraph No. 105 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 105.

### *Facts as to Lawrence Mwethuku*

106.    On or about September 6, 2013, Mr. Mwethuku sent correspondence to Clarity requesting a copy of his consumer report.

**ANSWER:**      In response to Paragraph No. 106 of the Complaint, Clarity admits that it received correspondence, purportedly from Plaintiff Mwethuku, dated September 6, 2013, requesting a copy of his free annual file disclosure.   Further answering, Clarity states that the September 6, 2013 request speaks for itself and denies each and every allegation inconsistent therewith.

107.    On or about September 25, 2013, Clarity forwarded Mr. Mwethuku a copy of his consumer report. Clarity did not provide any documentation with his consumer report defining any of the codes to enable him to understand what was in his consumer report.

**ANSWER:**      In response to Paragraph No. 107 of the Complaint, Clarity admits that on or about September 25, 2013, it sent Plaintiff Mwethuku a copy of his consumer disclosure. Further answering, Clarity states that Plaintiff Mwethuku's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

108.    Mr. Mwethuku's Clarity consumer report contained three inquiries from Clickspeed that were coded "PC" for Pre-Check and an inquiry from The Servicing Company that was coded as "AR" for new credit.

**ANSWER:**      In response to Paragraph No. 108 of the Complaint, Clarity states that Plaintiff Mwethuku's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

109.    On or about October 9, 2014, Mr. Mwethuku obtained a copy of his Experian consumer disclosure which identified nine impermissible pulls by Clarity.

**ANSWER:**    In response to Paragraph No. 109 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 109 and therefore denies same.  Further answering, Clarity states that Paragraph No. 109 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that Plaintiff's October 9, 2014 consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith. Clarity denies each and every remaining allegation in Paragraph No. 109.

110.    At no time did Mr. Mwethuku receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of his credit report.

**ANSWER:**    In response to Paragraph No. 110 of the Complaint, Clarity states that Paragraph No. 110 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 110.

### Facts as to James Hayes

111.    In September 2013, Mr. Hayes sent correspondence to Clarity requesting a copy of his consumer report.

**ANSWER:**    In response to Paragraph No. 111 of the Complaint, Clarity admits that it received a fax, purportedly from Plaintiff Hayes, on September 16, 2013, requesting a copy of his free annual file disclosure.   Further answering, Clarity states that the September 16, 2013 fax speaks for itself and denies each and every allegation inconsistent therewith.

34

49356747

112.    On or about September 17, 2013, Clarity forwarded Mr. Hayes a copy of his consumer report. Clarity did not provide any documentation with his consumer report defining any of the codes to enable him to understand what was in his consumer report.

**ANSWER:**    In response to Paragraph No. 112 of the Complaint, Clarity admits that on or about September 17, 2013, it sent Plaintiff Hayes a copy of his consumer disclosure.   Further answering, Clarity states that Plaintiff Hayes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

113.    Mr. Hayes' Clarity consumer report contained three inquiries from Clickspeed, which were coded "PC" for Pre-Check and an inquiry from The Servicing Company that was coded as "AR" for new credit.

**ANSWER:**    In response to Paragraph No. 113 of the Complaint, Clarity states that Plaintiff Hayes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

114.    Upon review of his report, Mr. Hayes identified inaccurate tradeline information in his Clarity consumer report.

**ANSWER:**    In response to Paragraph No. 114 of the Complaint, Clarity states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 114 and therefore denies same.

115.    On or about October 14, 2013, Mr. Hayes sent correspondence to Clarity requesting that they remove the inaccurate information in his Clarity consumer report.

**ANSWER:**    In response to Paragraph No. 115 of the Complaint, Clarity admits that it received a letter purportedly from Plaintiff Hayes that was dated October 14, 2013, in which he admitted the accuracy of a loan tradeline therein, but collaterally attacked the loan tradeline by disputing the enforceability of the loan agreement.  Further answering, Clarity states that the October 14, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent therewith.

116.    In correspondence dated October 25, 2013, Clarity responded that it would not investigate his dispute and informed Mr. Hayes that it "determined your dispute is frivolous."

**ANSWER:**     In response to Paragraph No. 116 of the Complaint, Clarity admits that it sent a

letter to Plaintiff Hayes dated October 25, 2013.   Further answering, Clarity states that the

October 25, 2013 letter speaks for itself and Clarity denies each and every allegation inconsistent

therewith.   Clarity denies each and every remaining allegation in Paragraph No. 116.

117.     In subsequent correspondence dated November 8, 2013, Clarity removed the
inaccurate tradeline information in Mr. Hayes' Clarity consumer report.

**ANSWER:**     In response to Paragraph No. 117 of the Complaint, Clarity admits that it

reinvestigated Plaintiff Hayes' dispute and ultimately removed the disputed tradeline from his

consumer file.   Further answering, Clarity states that the November 8, 2013 correspondence

speaks for itself and denies each and every allegation inconsistent therewith.   Clarity denies each

and every remaining allegation in Paragraph No. 117.

118.     On or about October 29, 2014, Mr. Hayes obtained a copy of his Experian
consumer disclosure which identified nine impermissible pulls by Clarity.

**ANSWER:**     In response to Paragraph No. 118 of the Complaint, Clarity states that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph No. 118 and therefore denies same.   Further answering, Clarity states that Paragraph

No. 118 contains legal conclusions not subject to admission or denial.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.   Clarity also states that Plaintiff's October 29, 2014 consumer

disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

Clarity denies each and every remaining allegation in Paragraph No. 118.

119.     At no time did Mr. Hayes receive an offer of credit from Clarity, have a credit
relationship with Clarity, or give Clarity permission to obtain a copy of his credit report.

**ANSWER:**     In response to Paragraph No. 119 of the Complaint, Clarity states that Paragraph

No. 119 contains legal conclusions not subject to admission or denial.   To the extent those

49356747

allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 119.

### *Facts as to Jazmine Hayes*

120.    On or about July 26, 2013, Ms. Hayes sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**    In response to Paragraph No. 120 of the Complaint, Clarity admits that it received a fax, purportedly from Plaintiff Hayes, on July 26, 2013, requesting a copy of her free annual file disclosure.   Further answering, Clarity states that the July 26, 2013 fax speaks for itself and denies each and every allegation inconsistent therewith.

121.    On or about August 1, 2013, Clarity forwarded Ms. Hayes a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:**    In response to Paragraph No. 121 of the Complaint, Clarity admits that on or about August 1, 2013, it sent Plaintiff Hayes a copy of her consumer disclosure.    Further answering, Clarity states that Plaintiff Hayes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

122.    On or about July 25, 2013, Ms. Hayes obtained a copy of her Experian consumer disclosure which identified an impermissible pull by Clarity.

**ANSWER:**    In response to Paragraph No. 122 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 122 and therefore denies same.  Further answering, Clarity states that Paragraph No. 122 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that Plaintiff's July 25, 2013 consumer

disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

Clarity denies each and every remaining allegation in Paragraph No. 122.

123.    At no time did Ms. Hayes receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

**ANSWER:**    In response to Paragraph No. 123 of the Complaint, Clarity states that Paragraph No. 123 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 123.

124.    On or about July 25, 2013, Ms. Hayes obtained a copy of her Experian consumer disclosure which identified an impermissible pull by Clarity.

**ANSWER:**    In response to Paragraph No. 124 of the Complaint, see Answer to Paragraph 122.

125.    At no time did Ms. Hayes receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

**ANSWER:**    In response to Paragraph No. 125 of the Complaint, see Answer to Paragraph 123.

### *Facts as to Susan Folley*

126.    In June 2013, Ms. Folley sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**    In response to Paragraph No. 126 of the Complaint, Clarity admits that it received a fax, purportedly from Plaintiff Folley, dated June 13, 2013, requesting a copy of her free annual file disclosure.   Further answering, Clarity states that the June 13, 2013 fax speaks for itself and denies each and every allegation inconsistent therewith.

127.    On or about June 21, 2013, Clarity forwarded Ms. Folley a copy of her consumer report. Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:**   In response to Paragraph No. 127 of the Complaint, Clarity admits that on or about June 21, 2013, it sent Plaintiff Folley a copy of her consumer disclosure. Further answering, Clarity states that Plaintiff Folley's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

### *Facts as to Samuel Forbes*

128.   On or about January 13, 2014, Mr. Forbes sent correspondence to Clarity requesting a copy of his consumer report.

**ANSWER:**   In response to Paragraph No. 128 of the Complaint, Clarity admits that it received a letter, purportedly from Plaintiff Forbes, on January 13, 2014, requesting a copy of his consumer disclosure. Further answering, Clarity states that the January 13, 2014 letter speaks for itself and denies each and every allegation inconsistent therewith.

129.   On or about January 24, 2014, Clarity forwarded Mr. Forbes a copy of his consumer report. Clarity did not provide any documentation with his consumer report defining any of the codes to enable him to understand what was in his consumer report.

**ANSWER:**   In response to Paragraph No. 129 of the Complaint, Clarity admits that on or about January 24, 2014, it sent Plaintiff Forbes a copy of her consumer disclosure. Further answering, Clarity states that Plaintiff Forbes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

130.   Mr. Forbes' Clarity consumer report contained eighteen inquiries from Clickspeed that were coded "PC" for Pre-Check. Some of these Clickspeed inquiries were within seconds of one another. There was one inquiry for Lead Express that was coded as "AR" for new credit.

**ANSWER:**   In response to Paragraph No. 130 of the Complaint, Clarity states that Plaintiff Forbes' consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

### *Facts as to Cheolieces Shannon*

131.   On or about October 3, 2013, Mr. Shannon sent correspondence to Clarity requesting a copy of his consumer report.

**ANSWER:**      In response to Paragraph No. 131 of the Complaint, Clarity admits that it received a letter, purportedly from Plaintiff Shannon, dated October 3, 2013, requesting a copy of his consumer disclosure, but the letter did not include the required identification to authorize Clarity to provide Plaintiff Shannon with a copy of his Clarity consumer disclosure.   Further answering, Clarity states that the October 3, 2013 letter speaks for itself and denies each and every allegation inconsistent therewith.

132.    Clarity never provided Mr. Shannon with a copy of his Clarity consumer disclosure.

**ANSWER:**      In response to Paragraph No. 132 of the Complaint, Clarity admits that it did not provide Plaintiff Shannon with a copy of his Clarity consumer disclosure in response to Plaintiff Shannon's October 3, 2013 request because Mr. Shannon did not provide proper identification along with his request.

133.    On or about July 1, 2013, Mr. Shannon obtained a copy of his Experian consumer disclosure which identified an impermissible pull by Clarity.

**ANSWER:**      In response to Paragraph No. 133 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 133 and therefore denies same.   Further answering, Clarity states that Paragraph No. 133 contains legal conclusions not subject to admission or denial.   To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Clarity also states that Plaintiff's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.   Clarity denies each and every remaining allegation in Paragraph No. 133.

134.    At no time did Mr. Shannon receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of his credit report.

49356747

**ANSWER:**     In response to Paragraph No. 134 of the Complaint, Clarity states that Paragraph No. 134 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 134.

### *Facts as to Gloria Cunningham*

135.    On or about September 24, 2013, Ms. Cunningham sent correspondence to Clarity requesting a copy of her consumer report.

**ANSWER:**     In response to the allegations in Paragraph No. 135 of the Complaint, Clarity states that it did not locate any correspondence with a consumer named Gloria Cunningham in its records and therefore denies same.

136.    On or about March 21, 2014, Clarity forwarded Ms. Cunningham a copy of her consumer report.  Clarity did not provide any documentation with her consumer report defining any of the codes to enable her to understand what was in her consumer report.

**ANSWER:**     In response to the allegations in Paragraph No. 136 of the Complaint, Clarity states that it did not locate any correspondence with a consumer named Gloria Cunningham in its records and therefore denies same.

137.    On or about May 30, 2014, Ms. Cunningham obtained a copy of her Experian consumer disclosure which identified five impermissible pulls by Clarity.

**ANSWER:**     In response to the allegations in Paragraph No. 138 of the Complaint, Clarity states that it did not locate any correspondence with a consumer named Gloria Cunningham in its records and therefore denies same.

138.    At no time did Ms. Cunningham receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

49356747

**ANSWER:**   In response to the allegations in Paragraph No. 137 of the Complaint, Clarity states that it did not locate any correspondence with a consumer named Gloria Cunningham in its records and therefore denies same.

### *Facts as to Herbert White*

139.   On or about May 2, 2014, Mr. White obtained a copy of his Experian consumer disclosure which identified thirteen impermissible pulls by Clarity.

**ANSWER:**   In response to Paragraph No. 139 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 139 and therefore denies same.  Further answering, Clarity states that Paragraph No. 139 contains legal conclusions not subject to admission or denial.  Clarity also states that Plaintiff's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies each and every remaining allegation in Paragraph No. 139.

140.   At no time did Mr. White receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of his credit report.

**ANSWER:**   In response to Paragraph No. 140 of the Complaint, Clarity states that Paragraph No. 140 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 140.

### *Facts as to Cherile DeVries*

141.   Within the past year, Ms. DeVries obtained a copy of her Experian consumer disclosure which identified impermissible pulls by Clarity.

**ANSWER:**   In response to Paragraph No. 141 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph No. 141 and therefore denies same.  Further answering, Clarity states that Paragraph

No. 141 contains legal conclusions not subject to admission or denial.  Clarity also states that

Plaintiff's consumer disclosure speaks for itself and Clarity denies each and every allegation

inconsistent therewith.  Clarity denies each and every remaining allegation in Paragraph No. 141.

142.    At no time did Ms. DeVries receive an offer of credit from Clarity, have a credit
relationship with Clarity, or give Clarity permission to obtain a copy of her credit report.

**ANSWER:**    In response to Paragraph No. 142 of the Complaint, Clarity states that Paragraph

No. 142 contains legal conclusions not subject to admission or denial.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a

lender, Clarity does not extend offers of credit or enter into credit relationships with any

consumers.  Clarity denies each and every remaining allegation in Paragraph No. 142.

### *Facts as to Allen Honesty*

143.    On or about February 18, 2014, Mr. Honesty sent correspondence to Clarity
requesting a copy of his consumer report.

**ANSWER:**    In response to Paragraph No. 143 of the Complaint, Clarity admits that it received

correspondence, purportedly from Plaintiff Honesty, dated February 18, 2014, requesting a copy

of his consumer disclosure.   Further answering, Clarity states that the February 18, 2014 request

speaks for itself and denies each and every allegation inconsistent therewith.

144.    On or about February 28, 2014, Clarity forwarded Mr. Honesty a copy of his
consumer report. Clarity did not provide any documentation with his consumer report defining
any of the codes to enable him to understand what was in his consumer report.

**ANSWER:**    In response to Paragraph No. 144 of the Complaint, Clarity admits that on or

about February 28, 2014, it sent Plaintiff Honesty a copy of his consumer disclosure.   Further

answering, Clarity states that Plaintiff Honesty's consumer disclosure speaks for itself and

Clarity denies each and every allegation inconsistent therewith.

49356747

145.    Mr. Honesty's Clarity consumer report contained at least one inquiry from The Servicing Company.

**ANSWER**:    In response to Paragraph No. 145 of the Complaint, Clarity states that Plaintiff Honesty's consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith.

146.    On or about October 29, 2014, Mr. Honesty obtained a copy of his Experian consumer disclosure which identified five impermissible pulls by Clarity.

**ANSWER**:    In response to Paragraph No. 146 of the Complaint, Clarity states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 146 and therefore denies same.  Further answering, Clarity states that Paragraph No. 146 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that Plaintiff's October 29, 2014 consumer disclosure speaks for itself and Clarity denies each and every allegation inconsistent therewith. Clarity denies each and every remaining allegation in Paragraph No. 146.

147.    At no time did Mr. Honesty receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of his credit report.

**ANSWER**:    In response to Paragraph No. 147 of the Complaint, Clarity states that Paragraph No. 147 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 147.

49356747

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. §§ 1681B(A) AND 1681E(A)**
**CLASS CLAIM**

148.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

**ANSWER:**    Clarity repeats and re-alleges every answer above as if set forth herein in full.

149.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this claim for themselves and on behalf of a class initially defined as follows (the Impermissible Sale Class):

> All natural persons residing in the United States: (a) whose consumer report was furnished by Clarity; (b) to Clickspeed, Lead Express, 123 Cash Depot, Inc., Sonic Cash, or The Servicing Company; and (c) on or after a date five years prior to the filing of this action.

> Plaintiffs Turnage, Larimer, Carshena, Forbes, Campbell, Nicholds, Gillison, Mwethuku, James Hayes, and Honesty are members of the proposed § 1681b(a) Class.

**ANSWER:**    In response to Paragraph No. 149 of the Complaint, Clarity admits that Plaintiffs purport to represent a class pursuant to Fed. R. Civ. P. 23.  This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.  Clarity denies that Plaintiffs' class as alleged in Paragraph No. 149 is objectively identifiable independent of a determination of merits or that Plaintiffs' §1681b(a) and §1681e(a) claims are appropriate for class certification.  Clarity denies each and every remaining allegation in Paragraph No. 149.

150.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

**ANSWER:**    In response to Paragraph No. 150 of the Complaint, Clarity admits that Plaintiffs claim the numerosity requirements of Fed. R. Civ. P. 23(a)(1) are present and satisfied.  This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed

to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.

Clarity denies that this action may be properly maintained against it as a class action.  Clarity

denies each and every remaining allegation in Paragraph No. 150.

151.  **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) Whether Clarity, as a matter of common practice, furnished consumer reports to its customers for impermissible purposes as established in § 1681b; (b.) Whether Clarity's procedures required prospective users of its reports and information identify themselves and any end-user; (c.) Whether Clarity's procedures required prospective users of its reports and information to certify the purposes for which the information was sought, and certify that the information will be used for no other purpose (d.) Whether the procedure and effort made by Clarity to verify the identity of its new prospective users and the uses certified by such prospective users prior to furnishing a consumer report were reasonable: (e.) whether the reports Clarity furnished were sold when Clarity had reasonable grounds for believing that the consumer report would not be used for a FCRA permitted purpose; (f.) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and the putative class members.

**ANSWER:**  In response to Paragraph No. 151 of the Complaint, Clarity admits that Plaintiffs

claim this matter contains common questions of law and fact as to all Class members and that

these questions predominate over the questions affecting the individual members. This is a legal

conclusion not subject to admission or denial.  To the extent this allegation may be deemed to

contain factual averments requiring an answer from Clarity, Clarity denies such allegation.

Clarity denies that this action may be properly maintained against it as a class action.  Clarity

denies each and every remaining allegation in Paragraph No. 151.

152.  **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. §§ 1681b(a) and 1681e(a). This claim challenges Clarity's consumer report furnishing procedures. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

**ANSWER:**  In response to Paragraph No. 152 of the Complaint, Clarity admits that Plaintiffs

claim the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a

legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation. Clarity denies that this action may be properly maintained against it as a class action.  Clarity denies each and every remaining allegation in Paragraph No. 152.

153.   **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiffs nor their counsel have any interests which might cause him not to vigorously pursue this action.

**ANSWER:**   In response to Paragraph No. 153 of the Complaint, Clarity admits that Plaintiffs claim the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) is present and satisfied.  This is a legal conclusion not subject to admission or denial.  To the extent that this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.  Clarity denies that this action may be properly maintained against it as a class action.  Clarity denies each and every remaining allegation in Paragraph No. 153.

154.   **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

**ANSWER:**   In response to Paragraph No. 154 of the Complaint, Clarity admits that Plaintiffs claim questions of law and fact common to the Class members predominate over questions

affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy, under Fed. R. Civ. P. 23(a)(3).  These are legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity denies that this action may be properly maintained against it as a class action.  Clarity denies each and every remaining allegation in Paragraph No. 154.

155.    Clarity violated § 1681b(a) as to the Impermissible Use Class by furnishing consumer reports to the Impermissible Users identified above when it had no reason to believe they had a permissible purpose as established by § 1681b(a), which enumerates 6 specific circumstances where a consumer reporting agency may provide a consumer report and "no other." Through its intended and/or reckless procedures, Clarity allowed and facilitated the improper access of consumers' credit reports to the Impermissible Users without a permissible purpose.

**ANSWER:**    In response to Paragraph No. 155 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that Paragraph No. 155 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681b(a) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681b(a) and denies each and every remaining factual allegation in a Paragraph No. 155.

156.    Clarity violated § 1681e(a) as to the Impermissible Use Class by failing to ever use procedures reasonably maintained to require prospective users of its reports and information to identify themselves and any end-user, require prospective users of its reports and information to certify the purposes for which the information was sought, and certify that the information will be used for no other purpose, or to verify the identity of its new prospective users and the uses certified by such prospective users prior to furnishing a consumer report. Further, Clarity furnished consumer reports as to each class member when it had reasonable grounds for believing that the consumer report would not be used for a FCRA permitted purpose.

**ANSWER:**    In response to Paragraph No. 156 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that

Paragraph No. 156 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681e(a) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681e(a) and denies each and every remaining factual allegation in a Paragraph No. 156.

157.    These ongoing intrusions were either intentional, or Clarity cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Clarity liable pursuant to 15 U.S.C. § 1681n. In the alternative, Clarity was negligent entitled the Plaintiffs to recover under 15 U.S.C. § 16810.

**ANSWER:**    In response to Paragraph No. 157 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that Paragraph No. 157 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §§1681n and 1681o speaks for themselves and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has harmed Plaintiffs willfully or negligently as alleged in Paragraph No. 157.  Clarity further denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 157.  Clarity denies each and every remaining allegation in Paragraph No. 157.

158.    Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Clarity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**    In response to Paragraph No. 158 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 158 of the Complaint.

49356747

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. §§ 1681B(F) AND 1681E(E)**
**CLASS CLAIM**

159.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

**ANSWER:**    Clarity repeats and re-alleges every answer above as if set forth herein in full.

160.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this claim for themselves and on behalf of a class initially defined as follows (the Impermissible Use Class):

> All natural persons residing in the United States: (a) whose consumer report information was obtained by Clarity from Experian; (b) on or after a date five years prior to the filing of this action.

> Plaintiffs Turnage, Larimer, Campbell, Nicholds, Mwethuku, James Hayes, Cunningham, White, DeVries, Honesty, and Shannon are members of the proposed § 1681b(f) Class.

**ANSWER:**    In response to Paragraph No. 160 of the Complaint, Clarity admits that Plaintiffs' purport to represent a class pursuant to Fed. R. Civ. P. 23.  This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.  Clarity denies that Plaintiffs' class as alleged in Paragraph No. 160 is objectively identifiable independent of a determination of merits or that Plaintiffs' §§1681b(f) and 1681e(e) claims are appropriate for class certification. Clarity denies each and every remaining factual allegation in Paragraph No. 160.

161.    **Numerosity. Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiffs allege that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

**ANSWER:**    In response to Paragraph No. 161 of the Complaint, Clarity admits that Plaintiffs claim the numerosity requirements of Fed. R. Civ. P. 23(a)(1) are present and satisfied.  This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.

49356747

Clarity denies that this action may be properly maintained against it as a class action.  Clarity denies each and every remaining allegation in Paragraph No. 161.

162.   **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) Whether Clarity had a permissible purpose to obtain consumer reports from Experian; (b.) Whether Clarity's procedure was to disclose the identity of the end-user of the reports (or information) it resold; (c.) Whether Clarity's procedure was to disclose to Experian each permissible purpose under § 1681b(a) for which the reports (or information) it was furnished to Clarity's end-users; (d.) Whether Clarity's procedure was reasonably designed to ensure that the reports (or information) it resold were used by the end-user for a purpose permitted under § 1681b; (e.) Whether Clarity made reasonable efforts to verify the identifications and certifications made under § 1681e(e); (e.) whether the violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiffs and the putative class members; and (c.) if Clarity's conduct was willful, what is the appropriate measure of damages.

**ANSWER:**   In response to Paragraph No. 162 of the Complaint, Clarity admits that Plaintiffs claim this matter contains common questions of law and fact as to all Class members and that these questions predominate over the questions affecting the individual members. This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation. Clarity denies that this action may be properly maintained against it as a class action.  Clarity denies each and every remaining allegation in Paragraph No. 162.

163.   **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiffs' claims are typical of the claims of each putative class member. Plaintiffs, as well as every punitive class member, allege violations of the same FCRA provisions. Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

**ANSWER:**   In response to Paragraph No. 163 of the Complaint, Clarity admits that Plaintiffs claim the typicality requirement of Fed. R. Civ. P. 23(a)(3) is present and satisfied.  This is a legal conclusion not subject to admission or denial.  To the extent this allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegation.

49356747

Clarity denies that this action may be properly maintained against it as a class action.  Clarity

denies each and every remaining allegation in Paragraph No. 163.

164.  **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate
representatives of the putative class, because their interests coincide with, and are not
antagonistic to, the interests of the members of the Class they seek to represent; they have retained
counsel competent and experienced in such litigation; and they have and intend to continue to
prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the
interests of the members of the Class. Neither Plaintiffs nor their counsel have any interests which
might cause him not to vigorously pursue this action.

**ANSWER:**     In response to Paragraph No. 164 of the Complaint, Clarity admits that Plaintiffs

claim the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) is present and

satisfied.  This is a legal conclusion not subject to admission or denial.  To the extent that this

allegation may be deemed to contain factual averments requiring an answer from Clarity, Clarity

denies such allegation.  Clarity denies that this action may be properly maintained against it as a

class action.  Clarity denies each and every remaining allegation in Paragraph No. 164.

165.  **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the
Class members predominate over questions affecting only individual members, and a class action
is superior to other available methods for fair and efficient adjudication of the controversy. The
damages sought by each member are such that individual prosecution would prove burdensome
and expensive. It would be virtually impossible for members of the Class individually to
effectively redress the wrongs done to them. Even if the members of the Class themselves could
afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore,
individualized litigation presents a potential for inconsistent or contradictory judgments and
increases the delay and expense to all parties and to the court system presented by the legal and
factual issues raised by Defendant's conduct. By contrast, the class action device will result in
substantial benefits to the litigants and the Court by allowing the Court to resolve numerous
individual claims based upon a single set of proof in a case.

**ANSWER:**     In response to Paragraph No. 165 of the Complaint, Clarity admits that Plaintiffs

claim questions of law and fact common to the Class members predominate over questions

affecting only individual members, and a class action is superior to other available methods for

fair and efficient adjudication of the controversy, under Fed. R. Civ. P. 23(a)(3).  These are legal

conclusions not subject to admission or denial.  To the extent those allegations may be deemed to

49356747

contain factual averments requiring an answer from Clarity, Clarity denies such allegations. Clarity denies that this action may be properly maintained against it as a class action. Clarity denies each and every remaining allegation in Paragraph No. 165.

166.     At no time did the Plaintiffs or the members of the putative class receive an offer of credit from Clarity, have a credit relationship with Clarity, or give Clarity permission to obtain a copy of their consumer reports.

**ANSWER:**     In response to Paragraph No. 166 of the Complaint, Clarity states that Paragraph No. 166 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Further answering, Clarity also states that as a CRA, and not a lender, Clarity does not extend offers of credit or enter into credit relationships with any consumers.  Clarity denies each and every remaining allegation in Paragraph No. 166.

167.     Clarity violated § 1681b(f) as to each class member by obtaining consumer reports from Experian without a permissible purpose under the FCRA.

**ANSWER:**     In response to Paragraph No. 167 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that Paragraph No. 167 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681b(f) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681b(f) and denies each and every remaining factual allegation in a Paragraph No. 167.

168.     Clarity violated§ 1681e(e) as to each class member by reselling consumer reports without compliance with the disclosure and procedure requirements in that section.

**ANSWER:**     In response to Paragraph No. 168 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that Paragraph No. 168 contains legal conclusions not subject to admission or denial.  To the extent

49356747

those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681e(e) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681e(e) and denies each and every remaining factual allegation in a Paragraph No. 168.

169.    These ongoing intrusions were either intentional, or Clarity cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Clarity liable pursuant to 15 U.S.C. § 1681n. In the alternative, Clarity was negligent entitled the Plaintiffs to recover under 15 U.S.C. § 1681o.

**ANSWER:**    In response to Paragraph No. 169 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity states that Paragraph No. 169 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §§1681n and 1681o speaks for themselves and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has harmed Plaintiffs willfully or negligently as alleged in Paragraph No. 169.  Clarity further denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 169.  Plaintiff denies each and every remaining allegation in Paragraph No. 169.

170.    Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Clarity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**    In response to Paragraph No. 170 of the Complaint, Clarity denies that this action may be properly maintained against it as a class action.  Further answering, Clarity denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 170 of the Complaint.

54

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1681G(A)**
**(INDIVIDUAL CLAIM)**

171.    Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

**ANSWER:**    Clarity realleges and incorporates all other answers set forth, above.

172.    Clarity violated 15 U.S.C. §1681g(a)(2) as to Plaintiffs Turnage, Larimer, Campbell, Nichols, Mwethuku, Hayes, Cunningham, White, DeVries, and Honesty (collectively the "§ 1681g(a)(2) Plaintiffs") by failing to clearly and accurately disclose to the § 1681g(a)(2) Plaintiffs the sources of the information within each respective Plaintiffs file, including but not limited to the information obtained from Experian which Clarity incorporated into the § 1681g(a)(2) Plaintiffs' consumer report.

**ANSWER:**    In response to Paragraph No. 172 of the Complaint, Clarity states that Paragraph No. 172 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681g(a)(2) speaks for itself and Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681g(a)(2) and denies each and every remaining factual allegation in a Paragraph No. 172.

173.    Clarity violated 15 U.S.C. § 1681g(a)(1) as to Plaintiffs Larimer, Jackson, Campbell, Holmes, Nichols, Mwethuku, James Hayes, Jazmine Hayes, Cunningham, Honesty, Folley, Forbes and Shannon (collectively the "§ 1681g(a)(1) Plaintiffs") by failing to clearly and accurately disclose to the § 1681g(a)(1) Plaintiffs the information within each respective consumer's file, including but not limited to such failure through by use of unintelligible codes summarizing the information in the consumer's file (such as payment history or delinquent status) without providing documentation defining any of the codes to enable the consumer to understand the contents of the information in their report.

**ANSWER:**    In response to Paragraph No. 173 of the Complaint, Clarity states that Paragraph No. 173 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies such allegations.  Clarity also states that §1681g(a)(1) speaks for itself and Clarity

denies each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681g(a)(1) and denies each and every remaining factual allegation in a Paragraph No. 173.

174.    As to Plaintiff Cunningham, Clarity additionally did not provide her with a copy of her consumer file until almost six months after her request.

**ANSWER:**    In response to the allegations in Paragraph No. 174 of the Complaint, Clarity states that it did not locate any correspondence with a consumer named Gloria Cunningham in its records, and therefore denies same.

175.    As to Plaintiff Shannon, despite his written request, Clarity never provided him with a copy of his consumer file.

**ANSWER:**    In response to Paragraph No. 175 of the Complaint, Clarity admits that it did not provide Plaintiff Shannon with a copy of his Clarity consumer disclosure in response to Plaintiff Shannon's October 3, 2013 request because Mr. Shannon did not provide proper identification along with his request.

176.    As a result of Clarity's violations of 15 U.S.C. §1681g(a), Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

**ANSWER:**    In response to Paragraph No. 176 of the Complaint, Clarity states that Paragraph No. 176 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies that it has violated §1681g(a) and denies that Plaintiffs have suffered any damages as a result of Clarity's conduct, actions or inaction as alleged in Paragraph No. 176.

177.    The violations by Clarity were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Clarity was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

**ANSWER:**    In response to Paragraph No. 177 of the Complaint, Clarity states that Paragraph No. 177 contains legal conclusions not subject to admission or denial.  To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies that it has harmed Plaintiffs willfully or negligently as alleged in Paragraph No.

177.  Clarity further denies that it is liable to Plaintiffs for the requested relief or for any relief

whatsoever, as alleged in Paragraph No. 177.   Plaintiff denies each and every remaining

allegation in Paragraph No. 177.

178.   Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Clarity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**ANSWER:**   In response to Paragraph No. 178 of the Complaint, Clarity states that Paragraph

No. 178 contains legal conclusions not subject to admission or denial.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as

alleged in Paragraph No. 178.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. § 1681I
## (INDIVIDUAL CLAIM)

179.   Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

**ANSWER:**   Clarity reasserts and incorporates all of its answers set forth, above.

180.   Clarity violated § 1681i(a)(1) as to Plaintiffs Turnage, Larimer, Jackson, and James Hayes (collectively the "§ 1681i Plaintiffs") by failing to conduct a reasonable investigation reinvestigation to determine whether the information disputed by the respective § 1681i Plaintiff was inaccurate and record the current status of the disputed information or delete the item from the § 1681i Plaintiff's credit file.

**ANSWER:**   In response to Paragraph No. 180 of the Complaint, Clarity states that Paragraph

No. 180 contains legal conclusions not subject to admission or denial.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.   Clarity also states that §1681i speaks for itself and Clarity denies

each and every allegation inconsistent therewith.  Clarity denies that it has violated §1681i and

denies each and every remaining factual allegation in a Paragraph No. 180.

181.    Clarity further violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide the furnishers of the credit information with all the relevant information regarding the § 1681i Plaintiffs' disputes.

**ANSWER:**    In response to Paragraph No. 181 of the Complaint, Clarity states that Paragraph

No. 181 contains legal conclusions not subject to admission or denial.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.  Clarity also states that §1681i(a)(2)(a) speaks for itself and

Clarity denies each and every allegation inconsistent therewith.  Clarity denies that it has

violated §1681i(a)(2)(a) and denies each and every remaining factual allegation in a Paragraph

No. 181.

182.    Clarity also violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by § 1681i Plaintiffs and, instead, misrepresenting that their disputes were frivolous.

**ANSWER:**    In response to Paragraph No. 182 of the Complaint, Clarity states that Paragraph

No. 182 contains legal conclusions not subject to admission or denial.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.  Clarity also states that §1681i(a)(4) speaks for itself and Clarity

denies each and every allegation inconsistent therewith.  Clarity denies that it has violated

§1681i(a)(4) and denies each and every remaining factual allegation in a Paragraph No. 182.

183.    Clarity violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from the § 1681i Plaintiffs' credit files or modify the item of information upon a lawful reinvestigation.

**ANSWER:**    In response to Paragraph No. 183 of the Complaint, Clarity states that Paragraph

No. 183 contains legal conclusions not subject to admission or denial.  To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity,

Clarity denies such allegations.   Clarity also states that §1681i(a)(5)(a) speaks for itself and Clarity denies each and every allegation inconsistent therewith.   Clarity denies that it has violated §1681i(a)(5)(a) and denies each and every remaining factual allegation in a Paragraph No. 183.

184.    As a result of Clarity's violations of 15 U.S.C. § 1681i, Plaintiffs suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

**ANSWER:**    In response to Paragraph No. 184 of the Complaint, Clarity states that Paragraph No. 184 contains legal conclusions not subject to admission or denial.   To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies that Plaintiffs have suffered any damages as a result of Clarity's conduct, actions or inaction as alleged in Paragraph No. 184.

185.    The violations by Clarity were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Clarity was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

**ANSWER:**    In response to Paragraph No. 185 of the Complaint, Clarity states that Paragraph No. 185 contains legal conclusions not subject to admission or denial.   To the extent those allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies that it has harmed Plaintiffs willfully or negligently as alleged in Paragraph No. 185.  Clarity further denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 185.   Plaintiff denies each and every remaining allegation in Paragraph No. 185.

186.    Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Clarity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**    In response to Paragraph No. 186 of the Complaint, Clarity states that Paragraph No. 186 contains legal conclusions not subject to admission or denial.   To the extent those

allegations may be deemed to contain factual averments requiring an answer from Clarity, Clarity denies that it is liable to Plaintiffs for the requested relief or for any relief whatsoever, as alleged in Paragraph No. 186.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Clarity pleads the following defenses to the Complaint:

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' claims fail to the extent that each cause of action in the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Clarity and fails to state facts sufficient to entitle Plaintiffs or the proposed class members to the relief sought, or to any other relief whatsoever from Clarity.

### Second Affirmative Defense
### (Reasonable Procedures / Compliance and Good Faith)

Plaintiffs' claims fail because at all pertinent times, Clarity maintained reasonable procedures to ensure maximum possible accuracy of the information in its consumer reports concerning Plaintiffs and/or any member of the proposed class and otherwise made good faith efforts to comply with the FCRA.  Because Clarity has complied with the FCRA in its handling of Plaintiffs' credit files it is entitled to each and every defense stated in the FCRA and any and

all limitations of liability.  At all relevant times with respect to Plaintiffs, Clarity acted in good faith and complied fully with the FCRA

### Third Affirmative Defense
**(Proximate Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs are unable to establish that any of Clarity's actions or inactions caused Plaintiffs' alleged injuries.

### Fourth Affirmative Defense
**(Punitive or Statutory Damages)**

Plaintiffs' claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages because Plaintiffs cannot establish willfulness. Additionally, Plaintiffs and the members of the proposed classes are not entitled to punitive damages because Clarity made good faith efforts to comply with the FCRA.

Clarity adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007).

### Fifth Affirmative Defense
**(Statute of Limitations / Laches)**

Plaintiffs' and the proposed class members' claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681(p) or by the doctrine of laches.

### Sixth Affirmative Defense
**(Failure to Mitigate)**

Plaintiffs' claims fail to the extent Plaintiffs or the proposed class members have failed to

49356747

mitigate his/her alleged damages.  His/her recovery, if any, must be reduced accordingly.

## Seventh Affirmative Defense
### (Truth / Accuracy of Information)

Plaintiffs' claims fail to the extent that they are barred because all information Clarity communicated to any third person regarding Plaintiffs was true and accurate.

## Eighth Affirmative Defense
### (Previous Settlements and/or Releases)

Plaintiffs' claims, and the claims made on behalf of the purported class, are barred, in whole or in part, to the extent the claims are barred by any previous applicable settlements and/or releases.

## Ninth Affirmative Defense
### (Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over Plaintiffs' claims, and the claims made on behalf of the purported class members, to the extent these individuals have not suffered an injury-in-fact sufficient to confer constitutional standing on those individuals.

## Tenth Affirmative Defense
### (Impropriety as a Class Action)

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 because; among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting individual putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiffs' claims and any claims of putative class members; the named Plaintiffs and their

49356747

counsel are unable to fairly and adequately protect the interests of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to identify and ascertain a class and proceed as a class action.

### Eleventh Affirmative Defense
**(Right to Assert Additional Defenses)**

Clarity reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### A TRIAL BY JURY IS DEMANDED.

Clarity admits that Plaintiffs demand a trial by jury.

WHEREFORE, Defendant, Clarity Services, Inc., prays as follows:

a.      That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

b.      For costs of suit and attorneys' fees herein incurred; and

c.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 29th day of January, 2015.

Respectfully submitted,

*/s/ John C. Lynch*
John C. Lynch, Esq. (VSB No. 39267)
David M. Gettings, Esq. (VSB No. 80394)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Tel: 757-687-7500
Fax: 757-887-1504
john.lynch@troutmansanders.com
david.gettings@troutmansanders.com

Rodney L. Lewis
Colleen Walter
POLSINELLI PC
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601

63

49356747

Tel: 312-819-1900
Fax: 312-819-1910
rodneylewis@polsinelli.com
cwalter@polsinelli.com

*Attorneys for Defendant Clarity Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2015, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record:

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax:  757-930-3662
Email:  lenbennett@clalegal.com

James W. Speer, Esq.
Virginia Poverty Law Center
919 E. Main Street, Suite 610
Richmond, VA 23219
(804) 782-9430
Fax:  (804) 649-0974
Email:  jay@vplc.prg

Kristi Cahoon Kelly, Esq.
Andrew J. Guzzo, Esq.
Kelly & Crandall PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
703-424-7572
Fax:  703-591-0167
Email:  kkelly@kellyandcrandall.com
Email:  aguzzo@kellyandcrandall.com

Susan Mary Rotkis, Esq.
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard, Suite lA
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email:  srotkis@clalegal.com

49356747

Matthew J. Erausquin, Esq.
Casey S. Nash, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
Fax:  (888) 892-3513
E-mail:  matt@clalegal.com
E-mail:  casey@clalegal.com

*Counsel for Plaintiffs*

                                        */s/ John C. Lynch*
                                        _____
                                        John C. Lynch (VSB # 39267)
                                        TROUTMAN SANDERS LLP
                                        222 Central Park Ave., Suite 2000
                                        Virginia Beach, VA 23462
                                        Tel:  757-687-7765
                                        Fax:  757-687-1504
                                        john.lynch@troutmansanders.com

49356747