**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**GLORIA TURNAGE,** *et al.,*
*Individually and on behalf of a class of*
*similarly situated persons,*

                                                             **Civil Action No. 3:14-cv-760 (HEH/REY)**
                    **Plaintiff,**

**v.**

**CLARITY SERVICES, INC.,**

                    **Defendant.**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR**
**PROTECTIVE ORDER AND SANCTIONS**

Plaintiffs, individually and on behalf of a class of similarly situated individuals,

by counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, have moved

for an order of protection prohibiting the Defendant from communicating with any of the

third parties to whom it has issued subpoenas and which subpoenas are the subjects of a

motion to quash (Doc. 34) or a motion authorizing the furnishing of the named plaintiff's

consumer reports (Doc. 27, 33).  Plaintiffs also move for appropriate sanctions for what

appears to be a violation of the Virginia Rules of Professional Conduct 4.1 and Fed. R.

Civ. P. 45, and thus a violation of the requirement that attorneys admitted *pro hac vice*

abide by the Rules imposed on the profession by the Virginia Supreme Court.

**I.      Overview**

Litigation, by definition, is adversarial. All too often, the adversarial nature of

litigation usually flows into the discovery process. Yet, even in the most contested cases,

it is rare that a party's counsel disregards the most sacred of principles governing

lawyers: truthfulness—both to the opposing party and third-party witnesses.

Unfortunately, this case presents one of those rare moments that are almost universally avoided in the Eastern District of Virginia. In this instance, Defendants' counsel surreptitiously contacted Plaintiffs' financial institution for compliance with a subpoena and deceptively informed them that Plaintiffs' Motion to Quash was denied by the Court when, in reality, the Motion to Quash was denied as moot subject to the parties' submission of a Court ordered joint brief. This conduct crosses the line from adversarial to blatantly deceptive and warrants a protective order and appropriate sanctions.

## II.     Factual Background

On May 27, 2015, Defendant Clarity Services, Inc. ("Clarity") filed a motion "proactively" seeking an order authorizing third-party consumer reporting agencies ("CRAs") to furnish consumer reports to Clarity. (Doc. 22). At the time of the motion, Clarity had not served the subpoenas, but preemptively requested the Court's permission out of concern that the third-party CRAs would object to the production on the theory that a subpoena was not a permissible purpose enumerated in § 1681b of the Fair Credit Reporting Act. (Doc. 23). Or so Plaintiff's counsel thought.[1] Despite the requirements for Rule 45, it appears that Clarity served the subpoenas on the third party CRAs, but did not forward a copy to opposing counsel.[2] Plaintiffs' were previously unaware because the subpoenas were actually served because Defendant failed to serve a copy on counsel in violation of Rule 45. Thus, Plaintiffs' counsel was unaware that they would need to file a Motion to Quash or Protective Order for those subpoenas as being wholly irrelevant and merely a mechanism to harass and attempt to violate Plaintiffs' privacy.

---

[1] Factual assertions are based on the Declaration of Kristi Cahoon Kelly and exhibits attached thereto, unless otherwise indicated. (Ex. 1)

[2] Plaintiffs believe that the subpoenas were served upon the CRAs because Plaintiffs' counsel received a copy of a letter from Bruce Luckman, counsel for DataX, to Rodney Lewis, counsel for Clarity, objecting to the subpoena. (Ex. 2).

Around the same time Clarity filed its motion requesting an order regarding the third-party subpoenas to the CRAs, Clarity also served subpoenas on Plaintiffs' banking institutions. (Ex. 3 is an example of one of the subpoenas). These subpoenas sought every possible piece of paper or electronic information regarding each of the named Plaintiffs from their financial institutions. On June 9, 2015, Plaintiffs filed a Motion to Quash the Subpoenas on the grounds that the subpoenas were overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 34). In their motion, Plaintiffs explained that they would provide further details in accordance with the Court's June 4, 2015 Order, which instructed the parties' to submit a joint motion regarding any discovery disputes concerning Clarity's subpoenas. (Doc. 33). At this time, Plaintiffs' counsel sent correspondence, which they forwarded to Defendant's counsel, to the financial institutions advising them of the Motion to Quash.

On June 10, 2015, Plaintiffs' counsel e-mailed Clarity's counsel regarding a proposal to submit the joint motion regarding the subpoenas, as well as the joint motion regarding Plaintiffs' motion to compel. After receiving no response from Clarity's attorney, Plaintiffs' counsel sent a follow-up email on Friday, June 12, 2015, again requesting an agreement on a proposal for drafting the joint motions. Clarity's counsel once again did not respond to this email. On June 16, 2015, the deposition of one of Clarity's employees occurred and Clarity's counsel verbally agreed to Plaintiffs' proposal regarding Plaintiffs' motion to compel. At this time, Clarity's counsel indicated that it was unsure whether it would be moving forward with the subpoenas to the CRAs.

On June 16, 2015, Plaintiffs' counsel then distributed a draft of the joint motion as it related to Plaintiffs' motion to compel. After receiving no response, Plaintiffs' counsel

sent a follow-up e-mail on June 19, 2015, to Clarity's counsel inquiring about the status of their portion of the draft. Again, Clarity's counsel did not respond to this e-mail. On June 29, 2015, Plaintiff sent another e-mail to Clarity's counsel indicating that it had been two weeks since a draft was first circulated and that Plaintiffs would file a motion to amend the Court's Order regarding the joint motion unless Clarity provided a response. After hearing that the Plaintiffs intended to go back to the Court for an amended order, Clarity indicated it would provide a response, which it did on July 1, 2015. ***During this entire timeframe***, Clarity never once circulated its brief regarding the subpoenas or indicated that it still intended to move forward with the subpoenas. Based on its counsels' representations at the deposition on June 16, 2015, and its failure to circulate any draft of its joint motion since June 4, 2015 when the Court issued its Order, Plaintiffs assumed that Clarity was no longer pursuing the subpoenas. Out of an abundance of caution, Plaintiffs' counsel followed up to indicate it would draft the joint motion for their Motion to Quash if Defendant did not intend to pursue the Order requiring production from the CRAs. During this conversation, Defendant indicated it was working on the joint brief and would circulate it shortly.

On July 6, 2015, Clarity eventually circulated its joint motion (presumably to divert attention from its discovery non-compliance outlined in the joint motion filed by Plaintiffs). However, while Plaintiffs were drafting the response to this motion— including a response to Clarity's subpoena regarding Plaintiffs' bank records—Plaintiffs' counsel was contacted on July 9, 2015, by Bettie Richardson, a fraud specialist from DuPont Community Credit Union, one of Plaintiffs' banks. Ms. Richardson informed Plaintiff's counsel that Clarity's counsel had contacted her by phone and written her an

email stating that that the Plaintiffs' Motion to Quash was denied; therefore, the financial

records should be produced. (Ex. 4). Plaintiffs' counsel obtained the e-mail from

Defendant's counsel from one of the financial institutions which states in its entirety:

> Ms. Richardson,
>
> Thank you for speaking with me today concerning the subpoena served on
> DuPont Community Credit Union in the case *Turnage v. Clarity Services,
> Inc*. As I mentioned on the phone, ***the Motion to Quash this subpoena
> was denied by the Court***. Attached to this email for your records is a copy
> of this Order. Accordingly, can you please arrange to have the documents
> which are responsive to the subpoena sent to me either by email or mail
> them directly to the following address:
>
> Rodney Lewis
> Polsinelli PC
> 161 N. Clark Street, Suite 4200
> Chicago, IL 60601
>
> Please do not hesitate to contact me should you have any questions or
> concerns. Thank you.

(Ex. 4) (emphasis added).

To be fair to Clarity's counsel, the email included as an attachment the Court's

Order that, among other things, denied the motion to quash as moot. (Doc. 41).

However, the entire exchange is misleading for several reasons, not the least of which is

Mr. Tyner's failure to inform Ms. Richardson, a non-lawyer, that the motion was denied

as moot based on the Court's instruction to submit a joint brief on the outstanding issues.

(Doc. 41). Moreover, John Tyner's email to Ms. Richardson occurred after counsel had

the communicated about circulating Defendant's brief the following week and while

Defendant knew Plaintiffs objected to the subpoena absent judicial intervention. In order

to determine what had happened, Plaintiff's counsel sent an email to Defendant's counsel

requesting information about whether Mr. Tyner had communicated with the subpoenaed

banks to inform them that they were not required to produce documents until the court rules on the Motion to Quash. At 6:30 p.m. on Friday, July 10, 2015, the Defendant's counsel responded that they had not contacted the subpoenaed third parties. (Ex. 5).

Undersigned Plaintiff's counsel contacted local counsel by phone on Friday July 10, 2015, in order to meet and confer on these issues prior to filing this motion. (Ex. 6). She forwarded the motion to all counsel before filing it. In response, Mr. Lewis wrote an email revising his previous response, and indicated that Polsinelli had in fact communicated with the subpoenaed third-parties and informed them that the court denied the motion to quash and that there is "nothing currently pending before the court pertaining to the subpoenas." (Ex. 6). After receiving the email from Mr. Lewis, however, it became clear that the motion was necessary based on the apparent misrepresentation regarding Mr. Tyner's communication to the banks regarding the motion to quash and Polsinelli's position that they have communicated accurately with the third parties.

## ARGUMENT

A court may grant a protective order under Fed. R. Civ. P. 26(c) to protect a party from annoyance, embarrassment, oppression or undue burden or expense by forbidding disclosure or discovery of such matters. A District Court's decision to grant a protective order is committed to its sound discretion. *Martin v. Scott & Stringfellow, Inc.*, Civ. No. 3:08CV417 (E.D.Va. Jan. 8, 2009). Not only is the third-party discovery sought by Clarity an attempt to annoy, embarrass and oppress the Plaintiffs by seeking irrelevant financial information, they have done so in a way that misrepresents the status of the

subpoenas and the motion to quash in this court.   The court has granted *pro hac vice* admission to a foreign attorney representing Clarity, Rodney Lewis of the Polsinelli firm.

An attorney admitted to practice *pro hac vice* in the Eastern District of Virginia, is bound by Local Rule 57.4(I) and the Rules of the Virginia Supreme Court Part Six. Pursuant to Rule 8.3, a "lawyer having reliable information that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness to practice law shall information the appropriate professional authority."  Rule 5.1(a) requires that a lawyer who is a partner or manager in a law firm has an obligation to make reasonable effort "to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct."  Rule 4.1 is titled "Truthfulness in Statements to Others" and requires that in the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law.

It is Rule 4.1, which applies to the foreign attorneys admitted to practice *pro hac vice* in this court, which is implicated by counsel's misrepresentation of the Order of the court and the status of the subpoenas and motions to quash.  The Comment to Rule 4.1 explains:

**Comment**
**Misrepresentation**
[1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by failure to act or by knowingly failing to correct false statements made by the lawyer's client or someone acting on behalf of the client.
**Statements of Fact**
[2] This Rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally

accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are in this category, and so is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud.

It appears that Defendant's counsel has violated its obligation to be truthful with others, and in this case the "others" are the Plaintiffs' financial institutions. The attorney admitted pro hac vice in this case is Rodney Lewis, who, according to his application to appear in this court, is a partner in the Polsinelli law firm and is located in their Chicago Office. (Doc. 16). The lawyer who contacted Ms. Richardson and whose name is on the email misrepresenting the court's order is John Tyner, who has not entered an appearance in this case. Mr. Tyner is listed as an associate who has been in practice nine years on the Polsinelli firm website. http://www.polsinelli.com/professionals/jtyner (last visited 7/10/2015). His firm biography states that he has served as a law clerk for the Missouri Court of Appeals. He is located in Kansas City. Under Rule 5.1(a), it is Mr. Lewis's obligation to reasonably ensure that Mr. Tyner complies with the Virginia ethics rules.

Not only did Defendants' counsel misrepresent the status of the subpoenas to non-lawyers working at Plaintiffs' financial institutions, but Fed. R. Civ. P. 45(a)(4) requires that a subpoena commanding the production of documents be served on each party. In this case, there is evidence that the Defendant has served subpoenas on the CRAs commanding production of the Plaintiffs' private and confidential information without having served the subpoenas on Plaintiffs' counsel. What makes this worse is that the Defendant moved the court for permission to seek this information, represented that the documents were not served, then at the same time served the subpoenas on at least one CRA.

The Plaintiffs seek a protective order that (1) requires notice be given to all third parties that the Defendant misrepresented that the Motion to Quash had been denied, when it had not; (2) prohibits Defendant's counsel from having any contact with third-parties, including third-party witnesses, without leave of court; (3) prohibits Defendant's counsel from communicating with any of the subpoenaed third-party financial institutions or CRAs until the court rules on the pending motions. The Defendant cannot demonstrate it will suffer any legal prejudice from entry of such a protective order – it merely returns the matter to the status quo and corrects a substantial wrong.

Furthermore, the court should order the payment of Plaintiffs' expenses associated with this motion. Rule 37(a)(5) provides for the payment of expenses if discovery abuse occasions a motion for protective order, which is appropriate in this case.

Finally, the court should order such other relief as it deems just an proper. In this case, the violation of the Virginia Rule of Professional Conduct 4.1 is egregious and Plaintiff respectfully requests that the foreign attorney's *pro hac vice* admission be revoked. Neither a party nor his attorney have a right to appear *pro hac vice*, however, once admitted, a party and his attorney have a due process right to be heard before *pro hac vice* admission is revoked. *Belue v. Levanthal*, 640 F.3d 567, 577 (4th Cir. 2011). The plaintiff requests a hearing on the issue of whether such a remedy is appropriate in this case.

## Conclusion

For these reasons, the Plaintiff respectfully requests entry of an Order providing notice to all applicable third parties of the misrepresentation, prohibiting the Defendant or its counsel from contacting any third parties without leave of court, and prohibiting

9

Defendant and its counsel from communicating with the subpoenaed third parties until

after the court rules on the pending motions.

Respectfully submitted,
**PLAINTIFFS**

_____/s/_____

Susan M. Rotkis, VSB #40693
Leonard Anthony Bennett VSB #37523
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Phone: 757-930-3660
Fax: 757-930-3662
Email: srotkis@clalegal.com
Email: lenbennett@clalegal.com

Kristi Cahoon Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James W. Speer, (VSB# 23046)
Virginia Poverty Law Center
919 E. Main Street, Suite 610
Richmond, VA 23219
(804) 782-9430
Fax: (804) 649-0974
Email: jay@vplc.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

John C. Lynch, Esq.
David M. Gettings, Esq.
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, VA 23462
(757) 687-7500
david.gettings@troutmansanders.com
john.lynch@troutmansanders.com
*Counsel for Clarity Services, Inc.*

David Neal Anthony, VSB #31696
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
(804) 697-5410
(804) 698-5118 Fax
david.anthony@troutmansanders.com
*Counsel for Clarity Services, Inc.*

Rodney L. Lewis, Esq. pro hac vice
POLSINELLI PC
161 N. Clark Street, Suite 4200
Chicago, Illinois, 60601
rodneylewis@posinelli.com
*Counsel for Clarity Services, Inc.*

_____/s/_____
Susan M. Rotkis, VSB #40693
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Phone: 757-930-3660
Fax: 757-930-3662
Email: srotkis@clalegal.com

Plaintiff's Counsel

11